LEANDER HUTCHINS, *et al. v* GEORGE W. MOODY.

*Taxes.     Covenant against incumbrances.*

The fact that real estate was put in the grand-list to its then owner, on the 1st of April preceding its conveyance, and that taxes were voted and assessed upon it against him after the conveyance, does not constitute a breach of the covenant against incumbrances in the deed, until such taxes have become legally fixed upon the land, after exhausting the other preliminary remedies

for their collection, and have become a definite burden upon the estate, which the grantee may properly remove by payment.

When this is done the burden will properly date from the date of the list, but until then, the lien rests upon a contingency so remote and uncertain that it can not properly be regarded as an incumbrance upon the estate.

This was an action of covenant broken. ˙ The declaration alleged that the defendant, on the 12th of May, 1853, conveyed to the plaintiffs a certain piece of land in Waterbury, and in his deed covenanted that the premises were free from all incumbrances ; that Oramel Howe was the owner of the land on the 1st of April, 1853, at which time it was set to him in the grand list of that town ; that certain school and state taxes were assessed against Howe, on the land in question, in 1853, after the 1st of April ; that Howe neglected and refused to pay these taxes, and that the constable of Waterbury sold the land at public vendue for the payment of these taxes, on the 3d of October, 1854 ; and that the plaintiffs were compelled to pay a large sum of money for the redemption of the land after such sale.

The defendant pleaded that he had not broken his covenant, and the cause was tried by the Court, at the September Term, 1856, Poland, J presiding.

The plaintiffs read in evidence the deed from the defendant to them, which was as set forth in the declaration. They also introduced the grand list of the town of Waterbury for the year 1853, showing that the real estate in question was listed to Oramel Howe for that year, and that he was therein described as the owner thereof on the first day of April, 1853, and that the same was designated on the list as being in school district No. 1, in Waterbury.

The plaintiffs also proved the laying of the several taxes described in the declaration, and the issue of tax bills for the collection thereof, and also that Howe did not pay the taxes against him on the land in question ; that the constable of Waterbury sold the land to pay these taxes, in October, 1855, and that one of the plaintiffs bid off the land at such sale for twenty dollars, being the amount of the taxes and costs. This tax sale was defective, to pass the title of the land, in some respects, which it is not material to state, and the County Court held that on that account the plaintiffs could not recover such portion of their bid as was for the costs

Hutchins et al. *v.* Moody.

of the sale ; but they held that the plaintiffs were entitled to recover the amount of the taxes, and rendered judgment for the plaintiffs accordingly. Exceptions by both parties.

*O. H. Smith,* for the plaintiffs.

*Dillingham & Durant,* for the defendant.

The opinion of the court was delivered by

REDFIELD, Ch. J. This is an action of covenant broken. The breach relied upon is the lien for taxes, created by putting the land into the grand list of the town, on the 1st day of April, 1853.

The date of the deed conveying the land and containing the covenant was May 12, 1853. The taxes were all voted and assessed subsequent to the date of the deed. And it is not seriously claimed that the sale of the land was conducted in such a manner as to convey any title. And it does not very distinctly appear in the case that the personal property or body of Howe, upon whom the taxes were assessed, might not have been resorted to for the collection of the taxes.

So that in the present case the taxes have not been legally fixed upon the land, nor does it clearly appear that the preliminary remedies have been exhausted. If, therefore, these taxes were an incumbrance upon the land, it must have been upon the ground, at most, that they had been assessed upon the person owning the land on the first of April. We are not prepared to adopt that view of the effect of such a contingent lien, at least until the right has been so far perfected as to fix a definite burden upon the land, which the grantee may properly remove by payment. When this is done the burden will very properly date from the time of the date of the list. But until that the lien is one of those remote and uncertain contingencies which can with no propriety be regarded as an incumbrance upon the estate. Before the assessment of the tax, the land, by being listed merely, is not placed in any situation very different from what all property is in before being listed. The only difference is that if a tax is subsequently voted and assessed, and cannot be enforced in certain other prescribed modes, it may, by the performance of certain prerequisites, which are regarded strictly in the nature of conditions precedent, be made a burden, or incum-

43

brance upon the land. No case can be found where any such remote possibility has ever been treated as a present incumbrance upon land. For an incumbrance, strictly speaking, must exist at the date of the deed, and it is one of these covenants where the breach accrues *instanter*. This is certainly the general rule in regard to the covenant against incumbrances in this country. The form of the English covenants upon this subject is somewhat different. And we are not prepared to say that when taxes become an actual burden upon the land, they may not be treated as incumbrances from an anterior date. But the more technical mode of giving redress for such an injury, in the ordinary case of deeds containing general covenants, will be to treat this defect of the title to the portion of the land sold, as a breach of the covenant for quiet enjoyment or of general warranty, as is done in England.

But the difficulty in the present case is that the burden has never been legally imposed upon the land. It is still but a possibility. It is more in analogy to a mere attachment, or the lien created by a docketed judgment, than any other lien known to our law. And it is well settled that a mere attachment of land is no incumbrance. It creates no estate, no definite burden upon the land.

So, too, in regard to a mere inchoate claim of dower, although some of the states hold that it constitutes a technical breach of the covenant against incumbrances in a deed, when the covenant is in the usual form adopted in this country, it nevertheless seems to us that the view taken in the case of *Nyce* v *Oberts*, 17 Ohio 70, is the more just and reasonable one. It is there held that such an interest is no incumbrance until fixed upon the land. The English covenant against incumbrances is part of the covenant for quiet enjoyment, and after the right of dower is fixed upon the land, it does constitute a breach of this covenant, as held in the last case referred to.

And in the case of *Johnson* v *Nyce*, 17 Ohio 66, it is held that a claim of dower, to constitute a breach of the covenants of warranty in a deed, must be definitely assigned, in the land, or the rents, issues and profits of the land, so as to create a definite charge upon the land, or the rents.

These decisions seem to us to apply with great propriety to this tax lien, which is indeed far more remote and contingent, than a claim for dower, even before the death of the husband.

And in a late case in Maine, *Temple* v *Partridge*, 41 Maine, 21 Law Reporter 237, we notice that it is decided that a mere right of dower, before the death of the husband, is not an incumbrance. It is a mere possibility, which, technically speaking, is not susceptible of conveyance or release. It is no estate in the land, and consequently no incumbrance. And the same is true of a mere lien for taxes, until it is fixed upon the land.

Judgment reversed and case remanded.