### WALTERHOUSE *v.* GARRARD ET UX.

COVENANT.—*Breach.—Eviction.—Answer.—Parol Contract to Vary Covenant.—Accord and Satisfaction.—Evidence.—Harmless Ruling.*—In an action by the grantee, against the grantor, on the covenants of warranty of a deed for real estate, to recover damages for an eviction of the plaintiff from part of the lands described in the deed, the defendant answered that, at the date of the deed, the plaintiff had taken, and had ever since retained, possession of the tract described in the deed, without complaint as to the quantity thereof; and that he had accepted the same as a discharge of, and full compliance with, the covenants sued on.

*Held*, on demurrer, that the answer was insufficient.

*Held*, also, that the alleged failure to complain could have been given in evidence under the general denial, also pleaded.

SAME.—*Uncertainty.—Demurrer.—Pleading.—Practice.*—Mere uncertainty in a pleading can be reached, not by demurrer, but by a motion to make certain.

From the Delaware Circuit Court.

*W. March*, for appellant.

*J. N. Templer* and *R. S. Gregory*, for appellees.

Howk, J.—This was a suit by the appellees, against the appellant, to recover damages for an alleged breach of the covenants contained in a warranty deed executed by the appellant to the appellee Cynthia A. Garrard. The deed was dated and acknowledged on the 16th day of October,. 1869; and thereby the appellant conveyed and warranted to said Cynthia A. Garrard, for the sum of one thousand dollars, the real estate in Delaware county, Indiana, described as follows, to wit: "Beginning twenty (20) rods south of the north-east corner of the west half of the north-east quarter of section number twenty-three (23), township number twenty-two (22), range number nine (9) east, and running thence south ninety-six (96) rods; thence west eighty (80) rods, to the west line of said west half of said north-east quarter; thence north ninety-six (96) rods; and thence east eighty (80) rods, to the place of beginning; containing forty-eight acres."

As a breach of the covenants contained in said deed, the appellees alleged, in substance, in their complaint, that when said deed was executed and delivered to said Cynthia A. Garrard, on the day of its date, the appellant had no right, title, interest or claim in and to but forty-five acres of real estate, within the premises described in said deed, and sold and conveyed thereby to said Cynthia A. Garrard; that, by said deed and the covenants therein, the said Cynthia A. Garrard acquired title to and became and was possessed of forty-five acres of real estate, and no more; and as to the remaining three acres, purporting to be described in and conveyed by said deed, she acquired no title, right or interest in or to the same, or any part thereof, by virtue of said deed, and was not the owner thereof, nor had she the possession thereof, but she had been, by the owner

thereof, evicted therefrom and dispossessed thereof. Wherefore, etc.

The appellant answered in three paragraphs, to the third of which the appellees' demurrer, for the want of facts, was sustained by the court, and to this ruling the appellant excepted. The appellees then replied, putting the cause at issue; and a trial by the court resulted in a finding for the appellees, assessing their damages in the sum of fifty-five dollars and sixty-six cents. The appellant's motion for a new trial having been overruled, and his exception saved to this ruling, the court rendered judgment on its finding.

In this court, the appellant has assigned, as errors, the following decisions of the circuit court:

1. In sustaining a demurrer to the third paragraph of his answer;

2. In striking out the interrogatories put by him to the appellees;

3. In overruling the demurrer to the complaint, by sustaining such demurrer to the third paragraph of the answer; and,

4. In overruling his motion for a new trial.

In the third paragraph of his answer, the appellant alleged, in substance, that, upon the execution of said deed, the appellees took possession of the tract of land described therein, and had retained possession thereof ever since, without any complaint as to the quantity of the land, or any other matter in relation to said sale and conveyance, until the commencement of this action, and accepted the same as a discharge of, and in full compliance with, the covenants in said deed, alleged to be broken in said complaint.

In considering the sufficiency of this paragraph of answer, the appellant's learned counsel claims in argument, that the court clearly erred in sustaining the demurrer thereto, for two reasons:

"1st. Because it was a complete bar to the action, in any view of the complaint;

"2d. Because the complaint stated no cause of action."

It seems to us, however, that it cannot be correctly said, that this paragraph of answer stated facts sufficient to constitute a complete bar to the appellees' action. The question is discussed by the appellant's counsel, upon the assumption that the appellees sued in this action to recover damages for a mere deficiency in the number of acres of land actually sold and conveyed to said Cynthia A. Garrard by the appellant. This assumption, whatever the fact may have been, is not sustained by, but is contrary to, the case made by the record before us; and certainly there is nothing in the appellees' complaint, which would authorize or justify such an assumption. In the third paragraph of his answer, as we construe its allegations, the appellant has stated two facts as constituting his defence or defences to this action. He has first alleged, that, upon the execution of the deed in suit, the appellees took, and had ever since retained, the possession of the tract of land described therein, without any complaint as to the quantity of the land, or any other matter in relation to said sale and conveyance, until the commencement of this suit. The fact thus alleged cannot be considered, we think, as any thing more than an argumentative denial of some of the facts stated in the complaint. In so far as this first fact is concerned, it would not be an available error to have sustained the demurrer to said paragraph of answer; because it is clear that this fact could have been, and probably was, given in evidence under the general denial, pleaded in the second paragraph of said answer.

The other fact alleged in said third paragraph of answer, so far as we can see, has no apparent connection with the fact first alleged therein. Indeed, the two facts appear to us to be incongruously alleged in the same paragraph of

answer. The second fact stated in said paragraph is, that the appellees accepted the tract of land as a discharge of, and in full compliance with, the covenants in said deed, alleged to be broken in the complaint. If we understand the force and effect of this allegation, the appellant intended thereby to set up a discharge of the covenants in the deed, by a parol contemporaneous agreement to that effect, between the parties to such deed. Viewed in this way, and we think the allegation is not susceptible of any other construction, it is very clear that it did not constitute any valid defence to the appellees' action. For it is well settled by the decisions of this court, that the terms of a written instrument can not be controlled, varied or defeated by a contemporaneous parol contract or agreement. McDonald v. Elfes, 61 Ind. 279, and cases cited.

For the reasons given, we are of the opinion that the court did not err in sustaining the demurrer to the third paragraph of answer.

It is insisted by the appellant's counsel, that the complaint did not state facts sufficient to constitute a cause of action, and that, for this reason, the demurrer to the third paragraph of answer ought to have been carried back and sustained to the complaint. We have given a summary of the facts alleged in the complaint, as a breach of the covenants contained in the deed in suit, and it seems to us they constitute a cause of action. Perhaps, the complaint might have been made more definite and certain, in some respects; but, if it was defective in this regard, the defect could not be reached by a demurrer for the want of facts. The argument of the appellant's counsel, in relation to the supposed insufficiency of the complaint, appears to us to be founded upon a misconstruction or misapprehension of the facts alleged therein, and, therefore, we do not consider it. We think that the complaint was sufficient.

The appellant's counsel has not, in his brief of this cause,

discussed any question arising under the other alleged errors assigned upon the record. Under the settled practice of this court, these other errors must be considered, therefore, as waived.

We find no available error in the record. The judgment is affirmed, at the appellant's costs.