No. 11,896.

ICE *v.* BALL ET AL.

CONTRACT.—*Exchange of Lands.*—*Execution of Deeds.*— *Oral Agreements.*—
*Merger.*—Where parties negotiate with each other for an exchange of lands, and such negotiations are finally consummated by the execution and interchange of deeds, all oral covenants or agreements of the par-

ties, in relation to their respective lands, which preceded or accompanied the execution of such deeds, are so merged therein that no action can thereafter be maintained on any such oral covenant or agreement for any alleged breach thereof.

PLEADING.— Complaint.—Answer.— Demurrer.— Intervening Errors.—Where the complaint does not state a cause of action, it is immaterial whether a paragraph of answer is good or bad on demurrer, for a bad answer is good enough for a bad complaint.   In such case, where the plaintiff appeals, intervening errors are harmless and afford no ground for reversing the judgment.

From the Henry Circuit Court.

J. Brown and W. A. Brown, for appellant.

D. W. Chambers and J. S. Hedges, for appellees.

HOWK, J.—In this case the appellant, Ice, the plaintiff below, alleged in his complaint that, on the 25th day of August, 1882, he and the appellees, Sarah Ball, Sarah A. House and Thomas House, entered into an agreement whereby the appellees agreed to convey to appellant, by deed in fee simple, certain described real estate in Henry county, Indiana, in consideration whereof the appellant agreed to convey to appellee Sarah A. House, the wife of Thomas House, and daughter of Sarah Ball, certain other described real estate, in the same county and State; that at the date of such agreement there was a subsisting and outstanding mortgage upon the real estate, so agreed to be conveyed to appellant, for the sum of $340, with eight per cent. interest, executed by the appellees to the State of Indiana for the use of its common school fund, dated August 19th, 1881; that it was also agreed by the appellees, as a part of such contract, that they would cause such mortgage to be released from the land, so agreed to be conveyed to appellant, by either paying it off or by causing such mortgage to be removed and placed upon the land so agreed to be conveyed by appellant to appellee Sarah A. House; that to effectuate the latter part of such agreement it was further agreed that appellant should convey by warranty deed, in fee simple, the real estate to be conveyed by him to appellee Sarah A. House, and that the appellees would

make a like conveyance to appellant of the land so to be con-
veyed to him, and that appellee Sarah A. House would with-
hold the recording of her deed until after appellees should
have effected the removal or cancellation of such mortgage
and caused the land so conveyed to the appellant to be released
therefrom; that, in pursuance of such agreement, the appel-
lant and the appellees executed to each other their warranty
deeds for the respective tracts of land so agreed to be con-
veyed, and that each party took possession of the land so
conveyed to him or her, and had since continued in posses-
sion thereof; that appellant had fully complied with his part
of such agreement, but that the appellees had in part-broken
their agreement, in this, that they caused their deed to be re-
corded upon its delivery to Sarah A. House, and they failed
to pay off the aforesaid mortgage, or to cause it to be in any-
wise released, or to place such encumbrance upon the land so
conveyed to Sarah A. House, instead of the land so conveyed
to appellant.    Wherefore appellant demanded judgment for
the amount of such school fund mortgage, and interest, to
wit, for $350, and that such judgment be declared a lien, as
for purchase-money, upon the lands so conveyed to Sarah A.
House, and that a decree should be rendered, to be enforced
and collected as other judgments were enforced and collected,
whenever the appellant should have paid off such school fund
mortgage, and for other proper relief.

The cause was put at issue and tried by a jury, and a ver-
dict was returned for the appellees, the defendants below, and
over appellant's motion for a new trial judgment was ren-
dered against him for appellees' costs.

A number of errors are assigned here by the appellant, but
of these we will consider such only as his counsel have dis-
cussed in their elaborate briefs of this cause. It is first claimed
in argument, on behalf of the appellant, that the court erred
in overruling his demurrers to the third and fourth paragraphs
of appellees' answer. In the third paragraph of their answer
the appellees said that, at and before the time of the exchange

of lands mentioned in the complaint, and as a part of the consideration of the conveyance to appellees, the appellant guaranteed that the land he was about to convey to the appellees was free from all encumbrances, and that the title thereto was good, and such a title that the officers, who had charge of and loaned what was generally known as the common school fund, would take as security for a loan of such fund to the same amount as that of the mortgage mentioned in appellant's complaint; that appellant would cause such officers to make such loan, and that the mortgage mentioned in his complaint should remain on the land conveyed to appellant until he could procure the transfer of such mortgage to the land conveyed by him to the appellees, which he failed and refused to do. And the appellees said that appellant had not a good and unbroken chain of title to the land conveyed by him to appellees, and had not such a title thereto as the officers managing the common school fund would negotiate a loan thereof upon; that appellees made an effort to negotiate a loan of such fund upon such land and could not do so for any equal amount, on account of the defective title of the land so conveyed to them, and on no other ground; and that appellees made an effort to have such loan transferred from the land sold by them to appellant to the land conveyed by him to them, but failed and were unable so to do by reason of appellant's defective title to the land conveyed by him to appellees at the time of such conveyance.

In discussing the alleged insufficiency of this paragraph of answer the appellant's counsel say: "This answer is not good, for the defendants have no right to question their title while they are in possession under it. Mrs. House has her deed, containing full covenants, and is in quiet possession of the land, and she and her co-defendants are not in a condition to resist this case while they are holding on to their part of the bargain." This argument of counsel is double-edged, and lays bare the same defect in appellant's complaint, as it attempts to do in appellees' third paragraph of answer. It

may be said of the complaint, in substantially the same language we have just quoted from plaintiff's brief, " This complaint is not good, for the plaintiff has no right to question his title while he is in possession under it.   Mr. Ice has his deed, containing full covenants, and is in quiet possession of the land, and he is not in a condition to prosecute this cause while he is holding on to his part of the bargain." In truth, we think that whatever else may be said of the third paragraph of answer, it must be conceded that such paragraph is, at least, equally as good a pleading as the appellant's complaint.

We are of opinion that the demurrer to the third paragraph of answer ought to have been carried back by the court and sustained to the appellant's complaint, for we are sure that this complaint did not state a cause of action against the appellees, or either of them.   It must be assumed, in the absence of any averment to the contrary, that the alleged agreement upon which the appellant declares in his complaint was an oral or verbal agreement between the parties in relation to the proposed exchange of their respective tracts of land. *Krutz* v. *Stewart*, 54 Ind. 178;   *Langford* v. *Freeman*, 60 Ind. 46;   *Goodrich* v. *Johnson*, 66 Ind. 258.   It is shown by the averments of the complaint, that this alleged agreement was a part of the preliminary negotiations between the parties for the exchange of their lands, and was afterwards consummated by the execution of their respective deeds in accordance therewith.   When these deeds were thus executed, it must be held, we think, that all oral negotiations or agreements, by or between the parties, which preceded or accompanied their execution, were merged therein, and that such deeds became and were the exclusive evidence of the only covenants and agreements in relation to their respective tracts of land by which the parties ultimately bound themselves.   If the alleged oral covenant or agreement of the appellees, upon which the appellant sued in this action, was afterwards reduced to writing in their deed to him, then such writing would have been the

foundation of his action, and the original deed, or a copy thereof, would have been a necessary part of his complaint. R. S. 1881, section 362; *Anderson School Tp.* v. *Thompson*, 92 Ind. 556.

If such oral covenant or agreement of the appellees was not set out in their subsequent deed to the appellant, it was so merged in such deed, under the law as heretofore stated, that he could not maintain any action thereon for any supposed breach thereof. So that, in any view of this case, we are clearly of the opinion that the appellant's complaint does not state facts sufficient to constitute a cause of action in his favor and against the appellees. It is wholly immaterial, therefore, whether the third paragraph of answer is good or bad, because even a bad answer is good enough for a bad complaint. This is settled by many decisions of this court. *Ætna Ins. Co.* v. *Baker*, 71 Ind. 102; *State, ex rel.*, v. *Porter*, 89 Ind. 260; *Clawson* v. *Chicago, etc., R. W. Co.*, 95 Ind. 152.

This conclusion renders it unnecessary for us to consider any of the other errors of which complaint is made by the appellant. Where, as here, the plaintiff appeals, and it is shown by the record that he has no cause of action against the defendants, intervening errors, if any, must be regarded as harmless, and the judgment must be affirmed. *Fell* v. *Muller*, 78 Ind. 507; *Rawson* v. *Pratt*, 91 Ind. 9; *Clawson* v. *Chicago, etc., R. W. Co., supra.*

The judgment is affirmed, with costs.

Filed May 13, 1885.