Gemmer *v.* Hunter—35 Ind. App. 501.

---

## GEMMER, EXECUTOR, *v.* HUNTER.

[No. 5,268. Filed May 23, 1905.]

1. CONTRACTS. — *Written.* — *Variations by Parol.* — *Consideration of Deed.*—Though written contracts can not be enlarged or altered by prior or contemporaneous agreements, still, the consideration mentioned in a deed or mortgage is always open to modification or contradiction by parol testimony. p. 503.

2. SAME.—*To Bequeath.*—*Breach.*—A promise, made upon a valuable consideration, to bequeath property to another, is valid, and an action will lie for a breach thereof. p. 503.

3. SAME.—*To Bequeath.*—*Consideration.*—Where decedent agreed that if plaintiff would execute her notes for $1,800 and a mortgage to secure same to him he would convey 60 acres of land to her and bequeath to her $600 and interest thereon from date of conveyance until

his death, the consideration upon decedent's part was the conveyance and the promise to bequeath, and on plaintiff's part was the execution of such notes and mortgage. p. 504.

4. CONTRACTS.—*Written.*—*Merger of Oral.*—Where it appears that the decedent conveyed 60 acres of land to plaintiff upon the stipulated consideration of plaintiff's execution to him of notes aggregating $1,800 and a mortgage to secure same, and that such decedent, as a part of such negotiations and as a part of the consideration for such notes and mortgage, orally agreed to bequeath to plaintiff $600, together with interest thereon from the date of such conveyance, such oral agreement was merged into the written contract, and an action for the breach thereof, as an independent or collateral agreement, does not lie. *Carr* v. *Hays* (1887), 110 Ind. 408, followed; *Welz* v. *Rhodius* (1882), 87 Ind. 1, distinguished. p. 506.

From Fountain Circuit Court; *Will Isham,* Special Judge.

Action by Frances A. Hunter against Frederick L. Gemmer as executor of the last will of Henry Tuttle, deceased. From a judgment for plaintiff, defendant appeals. *Reversed.*

*John W. Sutton, Ele Stansbury* and *Harley D. Billings,* for appellant.

*James McCabe* and *E. F. McCabe,* for appellee.

ROBINSON, J.—In appellee's claim against the estate of appellant's decedent, it is averred that decedent during his lifetime was desirous of selling to appellee sixty acres of land, described, for the reason that he had no way to get to the land from any highway, and that the same could not be sold to any other than appellee, who owned adjoining land, for more than $10 an acre, and because the same was not at that time worth, even to appellee, $20 an acre; that when decedent found appellee would not give $30 an acre, and would give no more than $20, decedent proposed to appellee that if she would purchase the land at $30 an acre, amounting to $1,800, and secure the payment thereof by executing to him nine promissory notes for $200 each, payable in one, two, three, four, five, six, seven, eight and nine years after their date of August 20, 1889, signed by herself and hus-

band, with interest on all of the notes at eight per cent. from the 1st day of September, 1889, and execute a mortgage on the land and on appellee's adjoining land to secure the payment of the notes, he would leave a will, bequeathing to appellee the difference between the price demanded—$30 an acre—and $20 an acre, to wit, $600, and the interest paid thereon by appellee; that appellee accepted this proposition, and thereupon, on August 20, 1889, the decedent and wife executed a deed conveying the land to appellee, and on the same day appellee and her husband executed to him the notes and mortgage as above mentioned; that appellee has fully paid all the notes and interest, and has performed all the terms of the contract to be by her performed, but that decedent failed to comply with the contract; that he left a will at his death, in January, 1903, but wholly failed to make any provision therein for the payment of any sum. The complaint asks damages for breach of the above contract. Upon a trial a judgment was rendered upon the jury's verdict in appellee's favor.

Errors are assigned upon the overruling of the demurrer to the claim or complaint and the motion for a new trial.

1. It is well settled that a written contract can not be enlarged or altered by prior or contemporaneous oral negotiations or agreements. It is also well settled that parol evidence is admissible to show the real consideration of a deed, and that the consideration may be shown to have been different from that expressed in the writing. *McMahan* v. *Stewart* (1864), 23 Ind. 590; *Pickett* v. *Green* (1889), 120 Ind. 584; *Diven* v. *Johnson* (1889), 117 Ind. 512, 3 L. R. A. 308; *Reynolds* v. *Louisville, etc., R. Co.* (1896), 143 Ind. 579, 614.

2. But it is argued by appellant's counsel that the deed executed by appellant's decedent to appellee, and the notes and mortgage executed to him by appellee, constituted a written agreement, which is not within the general rule that a consideration expressed in a deed or other written instru-

ment may be varied by parol evidence. A promise, upon a valuable consideration, to bequeath a sum of money to another, is a valid contract, and an action will lie for its breach. *Bell* v. *Hewitt's Executors* (1865), 24 Ind. 280; *Caviness* v. *Rushton* (1885), 101 Ind. 500, 51 Am. Rep. 759; *Roehl* v. *Haumesser* (1888), 114 Ind. 311; *Woods* v. *Matlock* (1898), 19 Ind. App. 364.

3. The proposition made and accepted was that if appellee would give the decedent $1,800 for land for which she was willing to give $1,200, and no more, decedent would bequeath to her the difference, with interest. When the contract between the parties was reduced to writing, the deed conveying the land was the consideration for the notes, and the notes constituted the consideration for the deed. They were all parts of the same transaction, and together constituted the contract. The deed conveyed the land to appellee, and, through the notes executed by appellee, she was bound to pay the consideration named. The pleading does not disclose that this informal written contract was, on its face, incomplete. See *Singer Mfg. Co.* v. *Forsyth* (1886), 108 Ind. 334.

The question arises: what was the consideration for the decedent's promise to bequeath to appellee the $600? It must have been the execution by her of notes, payable to decedent, for $600 more than the land was worth to her. It is not averred in terms that this was the consideration for the decedent's promise, but this must have been the consideration, if there was any; that is, the decedent executed the deed and made this promise in consideration that appellee execute the notes aggregating $1,800.

In *Carr* v. *Hays* (1887), 110 Ind. 408, Hays averred in his complaint that he and his wife conveyed to one Pettit, appellant's decedent, certain lands, and on the same day, in consideration of such conveyance, Pettit executed a written contract in which he assumed and agreed to pay certain specified debts of Hays, and if Hays paid Pettit these

amounts, with interest, within three years, then Pettit was to reconvey the land; that, as a further consideration for such deed, and as an inducement to Hays to execute such deed and accept such written contract, Pettit verbally agreed with Hays that he should continue to occupy the land for three years, and that within a reasonable time thereafter Pettit would furnish to Hays 500 yearling steers, to be kept by him three years on the lands so conveyed, and Hays should have absolute control of the land and steers during the three years; that Pettit allowed the land to be sold on foreclosure of a mortgage securing one of the above debts, and to be purchased at sheriff's sale, within less than six months, and that Pettit procured the land so sold to be conveyed to one Wilstach, whom Pettit caused to dispossess Hays within eighteen months of the time it was conveyed to Pettit; that Hays was deprived of the use and enjoyment of the land, and was put to great expense defending possession; that Pettit did not furnish the steers; and that by reason of such failure of Pettit to furnish the steers, and to prevent the dispossession of Hays, he had been damaged. In the opinion the court said: "It is apparent from the foregoing summary of the second and third paragraphs of the claim or complaint herein, that the appellee has counted in each of such paragraphs exclusively upon the verbal contract of Benjamin D. Pettit, and has sought therein to recover damages for Pettit's alleged breach of such verbal contract. Under the averments of these paragraphs of complaint, the warranty deed of appellee to Pettit, and the written contract given by Pettit to appellee, were both executed on the same day; each was the consideration for the execution of the other; they both constituted parts of one and the same transaction, and together they formed one and the same contract. In this contract, all oral negotiations and verbal agreements, precedent or concurrent, by or between the parties in relation to the subject-matter of such contract, were completely merged; and the two parts of such contract,

appellee's deed and the writing executed by Pettit in consideration of such deed, became and were the exclusive evidence of the only covenants and agreements, of or concerning the subject-matter of such contract, by which the respective parties ultimately bound themselves.    *    *    *
It is claimed, however, by appellee's counsel, that the alleged verbal contract of Pettit is collateral to, independent of, and entirely consistent with the written contract of the parties, as evidenced by appellee's deed and Pettit's written contract of assumption.    This claim of counsel is manifestly inconsistent, and directly at variance, with the averments of the second and third paragraphs of appellee's claim or complaint.    In each of these paragraphs, it was alleged, as we have seen, that Pettit's verbal contract was made as a further consideration for, and as an inducement to, the execution of appellee's deed.    These averments being true, it can not be correctly said that such verbal contract was, in any legal sense, collateral to appellee's deed or Pettit's written contract of assumption, which together constituted their written contract.    It is well settled by our decisions, that such a contract can not be controlled, diminished or enlarged by any precedent or contemporaneous verbal agreement by or between the parties, in relation to the subject-matter of the written contract."

4.    In the case at bar the pleading does not disclose what consideration was named in the deed.    This is not a case where the consideration in a deed is stated in general terms. The consideration for the land was the written promise of appellee to pay a designated sum.    The contract between the parties, consisting of the deed and the notes, was a complete written contract, and there is nothing in the contract itself to suggest that it did not contain the whole agreement between the parties.    The action is brought for damages for breach of the verbal promise of the decedent.    Unless this verbal promise had some consideration to support it, it was of no effect.    The only consideration it could have was the

execution of notes for $1,800 instead of $1,200. This being true, it can not be said, in view of the doctrine announced in *Carr* v. *Hays, supra,* that it was collateral to and independent of the deed executed by decedent, or the notes executed by appellee, which together constituted their written contract.

Counsel for appellee cite the case of *Welz* v. *Rhodius* (1882), 87 Ind. 1, 44 Am. Rep. 747. This case is cited with approval in *O'Neal* v. *Hines* (1896), 145 Ind. 32, but not upon the point here in question. In *Conant* v. *National State Bank* (1889), 121 Ind. 323, the court, in speaking of the rule that where a written instrument is executed it becomes the repository of the entire contract, and that the undertaking and agreement of the parties must be ascertained from the instrument and measured by its provisions, said: "The decision in *Welz* v. *Rhodius* [1882], 87 Ind. 1, has been much limited, if, indeed, not entirely overthrown, by the later decisions, and the broad doctrine there laid down can not be regarded as correct." See, also, *Western Paving, etc., Co.* v. *Citizen St. R. Co.* (1891), 128 Ind. 525, 537, 10 L. R. A. 770, 25 Am. St. 462; *Diven* v. *Johnson* (1889), 117 Ind. 512, 3 L. R. A. 308. The demurrer to the complaint should have been sustained.

Judgment reversed.