## PIERSE v. BRONNENBERG ET AL., ADMINISTRATORS.

[No. 5,831. Filed June 28, 1907. Rehearing denied November 1, 1907. Transfer denied December 13, 1907.]

1. LIENS.—*Drainage Assessments.*—*Time of Attaching.*—*Notice.*—*Statutes.*—Under §5627 Burns 1901, Acts 1885, p. 129, §6, a drainage assessment becomes a lien upon lands affected as of the date of the filing of the petition therefor, and of this fact vendors and purchasers are bound to take notice. p. 666.

2. EVIDENCE.—*Parol.*—*Deeds.*—*Consideration.*—Parol, as well as written, evidence is admissible to prove or vary the consideration of a deed, where such consideration is written in general terms or by way of recital; but parol evidence is admissible only when it is the best evidence obtainable. p. 667.

3. CONTRACTS.—*Written.*—*Terms.* — *Presumptions.* — *Evidence.* —A formal written contract, complete upon its face, is presumed to contain the final intention of the parties with respect to such transaction; and this is a rule of substantive law, and not of evidence. p. 668.

4. SAME.—*Written.*—*Several Parts.*—Where several writings construed together form a complete contract in writing, parol evidence is not admissible, ordinarily, to show a different, contemporaneous, oral contract. p. 668.

5. SAME. — *Written.* — *Vendor and Purchaser.* — *Deeds.* — *Consid-*

*eration.—Evidence.—Parol.*—Where the vendor contracts that, for a certain consideration, he will execute to the purchaser a warranty deed to certain land, and he afterwards complies therewith, parol evidence is not admissible to show a contemporaneous parol agreement varying such contractual consideration, no consideration for such parol agreement being shown. *Lowry* v. *Downey*, 150 Ind. 564, distinguished. p. 668.

6. DEEDS.—*Warranty.—Breach.—Liens.—Drainage.*—The amount of an unascertained future drainage assessment may, by statute, be a lien so as to constitute a breach of a presently executed warranty deed. p. 670.

7. STATUTES.—*Injustice.—Legislative Questions.—Drains.*—Possible injustice to landowners, occurring by reason of §5627 Burns 1901, Acts 1885, p. 129, §6, providing that drainage assessments shall constitute a lien upon the lands affected from the date of the filing of the drainage petition, is a matter for the legislature and not for the courts. p. 671.

From Madison Circuit Court; *Vinson Carter,* Special Judge.

Action by Eldon B. Pierse against Calvin A. Bronnenberg and another, as administrators of the estate of Frederick Bronnenberg, deceased. From a judgment for defendants, plaintiff appeals. (For opinion on motion to dismiss appeal, and for leave to amend assignment of errors, see 38 Ind. App. 655.) *Reversed.*

*Kittinger & Diven* and *Patrick J. Casey,* for appellant.
*Bagot & Bagot,* for appellees.

HADLEY, J.—This is an appeal from a judgment upon a claim against a decedent's estate, the assignment of errors having been amended pursuant to permission granted by this court. The claim was for damages because of a breach of the covenant against encumbrances in a deed of conveyance of certain lands in Madison County with general warranty, executed by the intestate to the appellant. The court rendered a special finding of facts. We will state the facts, so far as necessary for the decision of the questions in dispute here, as shown by said special findings.

Frederick Bronnenberg, the decedent, was the owner of said lands, and he, with others, on August 16, 1893, filed in

the Madison Circuit Court a petition asking for an order establishing a public drain for the purpose of draining wet lands in that county, including those of said Bronnenberg. Such proceedings were had on the petition that, after notice, etc., the drainage commissioners filed their report in said court, in which said Bronnenberg was assessed for benefits, by forty-acre tracts of said lands, the total assessment being for $672. Remonstrances were filed by landowners, among them said Bronnenberg. Afterwards, on June 14, 1900, said ditch was ordered established by the court, and said assessment against the lands of Bronnenberg was confirmed, and the ditch duly constructed. After its construction, payment of said assessment was demanded of appellant, who paid the same September 17, 1901, under protest, in order to free his said land from said lien. The sum paid was $672, which sum has never been repaid to appellant by Bronnenberg or his estate, Bronnenberg having died June 20, 1901. January 19, 1899, Bronnenberg entered into a written contract with the appellant, by which the former agreed to sell the lands to the latter for $45 per acre, the quantity being stated to be 223 1-3 acres, and the total price being stated to be $10,049.85, of which the sum of $3,000 was to be paid as soon as a good and sufficient deed of conveyance to the appellant should be made and Bronnenberg should procure a complete abstract of title showing a clear and unencumbered title in him to the lands; that he had a right to sell and convey the same, and that there were no liens or encumbrances of any nature on the same; that upon the payment of said $3,000 the deed should be deposited in a certain bank in escrow until March 31, 1899, and if at that time the abstract should show a good and sufficient title in Bronnenberg at the time of the conveyance, without any liens or encumbrances thereon, then the appellant should pay the residue of the purchase money and receive the deed; but if it should appear that there were any defects in the title or cloud thereon, which it would require suit in court to remove, then Bronnenberg was to

have a reasonable time to quiet the title and remove the clouds and pretended liens and claims therefrom, and as soon as that was done the residue of the purchase money was to be paid by the appellant, and he was to receive the deed; that if a good title could not be made within a reasonable time the contract was to be void. The contract with great particularity stated the price appellant was to pay, and also with great particularity stated what he was to receive therefor. It was clear and explicit as to just how the contract should be carried out; when the payments should be made; that the title must be clear and unencumbered by any liens of any nature whatsoever, except the tenancy on said land; and the contract specifically detailed how this tenancy should be cared for, even going so far as to name the man who was to make the abstract. In fact, it is much more clear and explicit than contracts of this nature usually are. It is complete in every detail. The consideration was made specific and contractual, and the whole contract is clear and unambiguous. February 3, 1899, Bronnenberg executed the deed of conveyance, whereby it was witnessed that he did convey and warrant to the appellant, for the sum of $10,065, the real estate in question. February 4, 1899, the appellant paid Bronnenberg $4,000 of the purchase money, and the deed was deposited in the bank. An abstract of title was afterward prepared, which showed certain clouds upon the title. Bronnenberg brought suit and March 28, 1899, secured a decree of the Superior Court of Madison County quieting title to the land in him. On that day the abstract of title was completed, but it contained no reference to said ditch and assessment here in controversy. March 29, 1899, the appellant paid the balance of the purchase money, except $25 paid later, and received the deed from the bank. It was further found that, at the time of the execution of said written contract of sale, January 19, 1899, the subject of the assessment for the construction of the ditch in controversy was discussed between the appellant and Calvin Bronnenberg, who was

then acting for said Frederick Bronnenberg in making the sale, and it was then orally agreed that in the event said ditch should afterward be established, and said assessment become payable, the appellant was to pay the same in addition to the cash consideration named in the contract and the deed.

The court stated as its conclusions of law: (1) That the assessments of benefits mentioned in the finding of facts "became and were liens upon the lands of said Frederick Bronnenberg, in the amounts named on the several tracts respectively, and that said liens attached as of the date of the filing of said original ditch petition, to wit, August 16, 1893. (2) That the existence of said liens, and the payment of the same by the plaintiff, did not constitute a breach of warranty sued on in this cause. (3) That the plaintiff is not entitled to recover anything on his claim filed in this cause." The appellant excepted separately to the second and third conclusions of law. Although there is no cross-assignment of error, and no exception was taken on behalf of the appellee to the first conclusion, counsel for the appellee have contended in argument that the first conclusion is erroneous, and it is proper to consider the question so suggested.

The statute, under which the drainage proceedings were conducted, provides: "The amount of the assessments as made or approved and confirmed by the court shall be a lien upon the lands so assessed from the time of filing the petition." §5627 Burns 1901, Acts 1885, p. 129, §6. The appellant purchased the lands and received his deed of conveyance therefor from a party to the drainage proceeding, one of the petitioners for the establishment of the drain. Both the grantor and the grantee were bound to know that a drainage assessment upon the land confirmed after the sale and conveyance would be a lien from the date of the filing of the petition. The covenant of warranty extended to a lien thus given priority by express statutory provision. See *Chaney* v. *State, ex rel.* (1889), 118 Ind. 494;

*Overstreet* v. *Dobson* (1867), 28 Ind. 256; 8 Am. and Eng. Ency. Law (2d ed.), 127, 128, notes. If the second conclusion of law was correct, there can be no question as to the third. It is admitted by appellant that where the consideration of a conveyance of land is stated in the deed by way of recital, and in general terms, the former agreement as to the consideration, in writing or in parol, may be proved for the purpose of showing what the actual consideration was. But it is contended that where the consideration of a deed is contractual and in writing, parol evidence cannot be heard to vary, contradict or add to that portion of the written contract; that if the negotiations and agreements were reduced to writing and the consideration thereby made contractual, the same cannot be pared down or varied by proof of any prior or contemporaneous oral agreement, but that all such oral agreements are merged in the writing; and that in a case like the present, where a deed is made in performance of such written contract, and although the consideration stated in the deed is in general terms and by way of recital, yet such deed having been executed pursuant to such contract and as a part of such transaction, proof of a contemporaneous parol agreement is ineffectual as a defense, as against the consideration named in said deed and said contract upon a claim for a breach of warranty in said deed. On the other hand, it is claimed by the appellee that proof of a prior or contemporaneous parol agreement, varying the consideration in a deed where the same is by way of recital, may always be made as a defense against a claim for a breach of warranty. That evidence is admissible to prove or vary the consideration of a deed where the same is written in general terms, and by way of recital, is so well settled that citation of authorities is unnecessary. That parol evidence is admissible under such circumstances and for like purposes, as a general rule, is equally well settled. But the latter rule only obtains when parol evidence is the best evidence that may be had. There is no more reason for

trusting the proof of a consideration of a deed to "slippery memory," when better proof may be had, than any other agreement or stipulation of a written contract.

" 'The rule that a formal written contract, which appears to be complete, will be presumed to be the repository of the final intentions of the parties, in regard to the subject-matter of the agreement, and that it excludes proof of any prior or contemporaneous parol stipulations which would contradict the writing, is abundantly settled, and should not, on account of its importance, be relaxed in any degree.' " *Diven* v. *Johnson* (1889), 117 Ind. 512, 3 L. R. A. 308. See, also, *Carr* v. *Hays* (1887), 110 Ind. 408. And this rule, it has been frequently held, is not, in effect, a rule of evidence, but is a rule of substantive law which renders the thing of which proof is offered unavailable to the party, even if he were permitted to prove it. 21 Am. and Eng. Ency. Law (2d ed.), 1079, and cases cited.

It is also well established that where, in a single transaction, several documents or agreements in writing have been entered into by the parties, and where all of said writings taken together show a complete and unambiguous agreement, such writings must speak for themselves, and the agreement and transaction which they disclose cannot be varied or contradicted by parol evidence or proof of a contemporaneous parol contract. 21 Am. and Eng. Ency. Law (2d ed.), 1116, 1117, and cases cited; 1 Elliott, Evidence, §585, and cases cited; *Cole* v. *Gray* (1894), 139 Ind. 396; *Durland* v. *Pitcairn* (1875), 51 Ind. 426; *Baltzer* v. *Raleigh, etc., R. Co.* (1885), 115 U. S. 634, 6 Sup. Ct. 216, 29 L. Ed. 505; *Reynolds* v. *Louisville, etc., R. Co.* (1896), 143 Ind. 579; *Gemmer* v. *Hunter* (1905), 35 Ind. App. 501.

In the case at bar the contract and deed are parts of the same transaction. There is nothing uncertain or indefinite in them. It is not claimed that there was any change desired or attempted subsequently to the execution of the contract. Neither is it claimed that there was any

fraud or mistake in connection therewith. But appellee herein seeks to substitute a contemporaneous parol agreement, that lingers, of necessity, somewhat indistinctly in the memories of the parties, for a specific, clear and certain written contract which, under all the authorities, is the only medium through which the parties can speak as to what agreements were entered into at that time. If the writing does not speak the truth, then there is a way to make it do so. But until it is impeached in some of the legal or equitable modes it must stand as the final determination of the parties. The rights of the parties must be governed by the agreements between them as shown by unimpeached written documents executed and delivered in consummating the transaction. And these written agreements cannot be varied or contradicted by a parol agreement made contemporaneously with the written contract of sale. A parol agreement, as to the consideration made subsequently to such written contract, upon sufficient consideration, would present an entirely different question. Any other construction would greatly diminish, and in many cases would completely nullify, the force and effect of written contracts for the sale of lands.

The case of *Lowry* v. *Downey* (1898), 150 Ind. 364, upon which appellee seems to rely, is not analogous to the case before us. In that case appellant and appellees entered into a written contract for the exchange of certain property, each to be free from, and clear of, all liens except that appellant's property was to have a certain mortgage lien. After the execution of the written contract, and prior to the execution of the deeds, appellees ascertained that there were other liens on appellant's property in addition to that specified in the contract. Appellees then refused to proceed further in the transaction until appellant either paid, or made provision for the payment of, the same. Appellant, to induce appellees to consummate the trade, verbally agreed to pay and satisfy said liens within ten days, as a further consideration for appel-

lees' property to be conveyed to appellant. Thereupon appellees, upon the faith of this subsequent parol agreement, executed and delivered deeds of their property to appellant, and received in return deeds for appellant's property. Appellant failed to keep his agreement to pay off and satisfy these liens. Appellees paid them, and then brought suit to recover the amount so paid, as and for purchase money, which appellant owed appellees for the property received from them. The court held the subsequent parol agreement a valid agreement, that the amount of the liens constituted a part of the consideration to be paid, that the same could be proved notwithstanding the recited consideration in the deed, and that appellees should have a vendor's lien therefor on the property transferred—with all of which we are in full accord. In passing upon that case the court reaffirms the established rules heretofore referred to in this opinion. Applied as they are to the facts in that case, they cannot be said to be antagonistic to our conclusion herein upon the facts before us. Under our view of the case, the first conclusion of the court was correct, but the second and third were erroneous.

Judgment reversed, with instructions to the lower court to restate the conclusions of law in conformity herewith, and render judgment accordingly.

## On Petition for Rehearing.

Hadley, J.—Appellees insist that the court has erred in the foregoing opinion in holding that the assessment for the construction of the drain therein mentioned was a lien which amounted to a breach of the covenant of warranty in a deed made subsequently to the filing of the petition and report of the commissioners, and prior to the approval by the court of the assessment. As we have said, this question is not properly before us, but we deemed it necessary to consider it in passing upon the other questions in the case. The statute is clear and needs no construction.

Under the statute the filing of the petition and report of the commissioners is notice to all whose lands are named therein that their lands are to be assessed to pay for the same in the amounts named in the report.   The amount of the lien in reality is ascertained at the time of filing the report of the commissioners, although it may be released by the action of the court.   It is well settled that an unascertained assessment or tax may be such a lien as to constitute a breach of warranty.   *Kirkpatrick* v. *Pearce* (1886), 107 Ind. 520; *Lindsay* v. *Eastwood* (1888), 72 Mich. 336, 40 N. W. 455; *Hill* v. *Bacon* (1872), 110 Mass. 387; *Carr* v. *Dooley* (1876), 119 Mass. 294; *Hutchins* v. *Moody* (1858), 30 Vt. 655; *Lafferty* v. *Milligan* (1895), 165 Pa. St. 534, 30 Atl. 1030.

By virtue of the statute, the ditch assessment was a lien at the time of the execution of contract and deed.   This is supported by abundant authority: *Kirkpatrick* v. *Pearce, supra; Hill* v. *Bacon, supra; Blackie* v. *Hudson* (1875), 117 Mass. 181; *Carr* v. *Dooley, supra; Hutchins* v. *Moody, supra; Peters* v. *Myers* (1868), 22 Wis. 602; *Lindsay* v. *Eastwood, supra; Hartshorn* v. *Cleveland* (1890), 52 N. J. L. 473, 19 Atl. 974.   Many more cases could be cited.

As to the injustice that might occur under our construction, as pointed out by appellees, we have nothing to do, as that is a question for the legislature.   But in this

7.   case, if the written contract does not declare what was intended, the law should not be blamed.   The other questions presented in the brief for rehearing are fully covered in the opinion.

Petition for rehearing denied.