## SHIPLEY v. PATTON'S Administrator.

STATUTE OF FRAUDS—CONTRACT.—A contract whereby *A* sold a horse to *B*, and warranted that it should be sound for one year thereafter, and agreed, that, if, after the expiration of one year, the horse should prove unsound, he would take it back and pay the plaintiff 100 dollars, is within the statute of frauds, and not operative against *A*, unless in writing. 1 G. & H. 348, 5th subsection of sec. 1.

APPEAL from the *Morgan* Circuit Court.

WORDEN, J.—This was an action by the appellant against the appellee.

The action was brought upon an agreement entered into between the plaintiff and the deceased. The following special finding of the facts by the Court fully presents the question involved:

"That on the 24th day of *January*, 1860, the defendant sold the plaintiff a horse, which he (defendant) warranted should be sound for one year thereafter, and that, if, after the expiration of one year thereafter, said horse should prove unsound, he (defendant) was to take him back, and pay the plaintiff 100 dollars; that at the expiration of one year thereafter, said horse proved to be unsound, and is yet unsound, and that on the 27th day of *January*, 1861, the plaintiff tendered back to the defendant said horse, and demanded 100 dollars for the breach of said warranty, which said sum of 100 dollars is wholly unpaid."

On this finding the Court rendered judgment for the defendant, regarding the contract as within the statute of frauds.

That the ruling was correct, we have no doubt. The contract, by its terms, was not to be performed until after the expiration of one year from the making thereof. In case of the unsoundness of the horse, he was not to be returned, nor was the 100 dollars to be paid until after the expiration of a

year. Nor was the contract fully executed on either side, nor was it to be thus executed, within the year. The plaintiff had something to do in order to entitle himself to recover, viz: he had to return the horse. This, however, was not to be done until after the expiration of a year. That it was necessary for the plaintiff to return the horse, or offer to return him, in order to a recovery, is apparent from the consideration that he might choose to retain him, notwithstanding his unsoundness. That the contract was within the statute of frauds, seems to be fully established by the case of *Wilson* v. *Ray*, 13 Ind. 1, and authorities there cited.

*Per Curiam.*—The judgment below is affirmed, with costs.

*W. R. Harrison*, for the appellant.[1]

*J. S. Hester, F. P. A. Phelps* and *B. K. Elliott*, for the appellee.[2]

(1) The counsel for the appellant argues: The statute of frauds applies only to contracts, which, by the express stipulations of the parties, are not to be performed within a year, and does not apply to agreements formed or based upon a past or executed consideration. *Wiggins* v. *Kiger*, 6 Ind. 252; *Wilson* v. *Ray*, 13 *id.* 1; Brown on Stat. of Frauds, sec. 287; *Donnellan* v. *Read*, 3 Barn. & Adolph. 899; 2 Parsons on Cont. 316, and N. J.; *Moore* v. *Fox*, 10 Johns. 244.

(2) The counsel for the appellee urge: By the express terms of the contract, as found by the Court, it falls clearly within the operation of the 5th subsection of sec. 1 of the statute of frauds. (1 G. & H. 348.) *Wilson* v. *Ray*, 13 Ind. 1; *Lower* v. *Winters*, 7 Cowen 263; 10 Johns. 214; 1 Salk. 280; Skin. 353; Holt 326; 3 Burr 1278; 1 Bl. 353; 1 Com. on Contr. 87; *Lapham* v. *Whipple*, 8 Met. 59; *Holloway* v. *Brompton*, 4 B. Mon. 415; *Tuttle* v. *Sweet*, 31 Maine 555; Brown on Stat. of Frauds, sec. 285.