*R. Hill*, for appellees.

--------◆--------

THE INDIANA AND ILLINOIS CENTRAL RAILWAY COMPANY *v.* SCEARCE.

ABATEMENT.—After demurrer had been filed by the defendant and sustained, and final judgment rendered, and appeal taken, and cause certified back to the lower court, it was too late to file a plea in abatement, going only to the jurisdiction of the court over the person of the defendant. Page 224.

STATUTE OF FRAUDS.—The statute of frauds applies only to contracts which, by the express stipulations of the parties, are not to be performed in a year, and not to those which may or may not upon a contingency be performed within a year. Page 227.

WAIVER.—A contract to forbear suit upon a cash subscription to the capital stock of a railway company till the completion of the road is waived by a subsequent agreement, made matter of record, to confess judgment, waiving valuation and appraisement laws, and for a stay of execution for eighteen months. Page 227.

CONTRACT TO FORBEAR SUIT.—A contract to forbear suit may perhaps be set up as a defense to an action, and, after judgment, its collection may be enjoined till the time covered by the agreement to forbear expires. Page 227.

SAME—MEASURE OF DAMAGES.—The measure of damages, on a breach of a contract to forbear suit, can not be more than the amount forborne, with interest and costs. Page 228.

SAME.—The damages arising from a forced sale are too remote on a breach of contract of forbearance. Page 228.

APPEAL from the *Marion* Circuit Court.

GREGORY, J.—This case has been under consideration in this court before, (17 Ind. 193,) and the averments in the original complaint are fully stated by *Davison*, J., in delivering the opinion  After the case was certified back at the *February* term, 1862, of the *Hendricks* Circuit Court, the appellee, who was the plaintiff below, on leave, filed a supplemental complaint, setting up, in addition to the allegations in the original, the further averments that, since the filing of the original complaint, the railway company, by her assignees, had caused an execution to issue on the $3,000 judgment, had caused the same to be levied on appellee's homestead and all his personal property, and had caused an entire sacrifice of all of said property to satisfy said execution, and averring that he had been damaged in the sum of $20,000, for which sum he demanded judgment.

To the original and supplemental complaint, the appellant filed a plea in abatement, setting up that the railway company did not have its main business office in *Hendricks* county, and that the process was not served on any special or general agent of the company in said county, etc.

The railway company had appeared and filed a demurrer to the original complaint; the demurrer had been sustained; final judgment; appeal to this court; judgment reversed, and cause certified to the *Hendricks* Circuit Court. It was too late to file a plea in abatement, going only to the jurisdiction of the court over the *person* of the defendant.

The appellant filed an answer to the complaint in six paragraphs. 1. The general denial. 2. That *Todd* was not the agent of the company authorized to enter into and

make, in behalf of the company, any such agreement with said appellee as that alleged in complaint. 3. That after the making and entering into of the said agreement with the said *Todd*, as alleged in said complaint—to-wit: on the 10th day of *April*, 1855, at the *April* term of the *Hendricks* Circuit Court—appellee voluntarily appeared in said court, and made and filed his affidavit for that purpose, and then and there freely confessed a judgment therein, in favor of said company, for the sum of $3,160.50 and costs of suit, and therein waived the valuation and appraisement laws; and, by *agreement* between the parties, appellee was to have a stay of execution for *eighteen months* from the date of the judgment, provided he would, within sixty days, enter replevin bail. A transcript of this judgment is filed and made a part of this paragraph, by which it appears that a summons was issued and served on *Scearce*; that he appeared by attorneys and filed a demurrer to the complaint; that he afterward appeared in person, withdrew the demurrer, filed his affidavit, confessed judgment, with the agreement made matter of record, for the stay of execution as stated in this paragraph of the answer, and *E. Singer* and *Wm. J. Scearce*, on the 10th of *June*, 1855, entered themselves replevin bail for the stay of execution for the time specified in said agreement. 4. Substantially the same as the third. 5. That the agreement with *Todd* was not reduced to writing, and signed by the railway company, nor by an agent of said company, nor by any person authorized to sign the same, etc. 6. That the judgment confessed by appellee, in favor of the company, for $3,160.50, was assigned by said company to *Fuller & Co.*, and that *Fuller & Co.*, after *the expiration of the eighteen months*, instituted a suit on said judgment against said appellee, and did recover a judgment thereon in said court for $3,628.77; but that appellee appeared to said action, and put in his answer thereto in bar thereof, setting up the same identical matters as those set up in his said complaint in this suit, a copy of which judgment is filed with said paragraph, and made part thereof.

The appellee demurred to the second, third, fourth, fifth, and sixth paragraphs of the answer. The demurrers to the second and third were overruled, and sustained as to the fourth, fifth, and sixth, and each party excepted.

The plaintiff below then filed replies to the second and third paragraphs of answer: 1. General denials. 2. As to second paragraph of answer, that defendant accepted the deed from plaintiff to defendant, conveying the land in the complaint mentioned, which deed was the consideration for the promise of forbearance sued on; retains the same, and refuses to re-convey. 3. As to third paragraph of the answer, that plaintiff never confessed or offered to confess judgment on the $3,000 subscription until after suit had been instituted against him, summons served, and a rule entered against him to answer, etc. 4. As to third paragraph of answer, *nul tiel record.* Appellant demurred separately to the second and third paragraphs of the reply, which demurrers were sustained. The issue of *nul tiel record* was submitted to the court, and while the same was under hearing, the court directed a re-argument of the demurrer to the third paragraph of the answer without the withdrawal by appellee of his replies thereto. And on such re-argument sustained the demurrer to said paragraph, and the appellant excepted.

Trial of the issues of fact by a jury; verdict for $10,000; motion for new trial overruled; and defendant below excepted; judgment on the verdict.

It is urged by appellant that the contract of forbearance on the cash subscription to the capital stock of the *Railway company* is against public policy and void, because it would defeat every object for which the company was incorporated. We think otherwise. The company by the arrangement acquired $8,200 in real estate, thereby increasing her means of carrying out the object of her creation. But we regard this question settled by the previous decision.

It is contended that the Circuit Court erred in sustaining the demurrer to the fifth paragraph of answer, setting up

the statute of frauds in relation to contracts not to be performed within one year. This agreement was, that the company "would not ask or demand payment of the $3,000, the cash subscription, until she had completed her road." The company might have completed her road within ninety days from the time of this agreement, certainly within one year. "The statute of frauds has always been held to apply only to contracts which, by the express stipulations of the parties, were not to be performed within a year, and not to those which might or might not, upon a contingency, be performed within a year." *Wiggins* v. *Keiser*, 6 Ind. 252. "The statute has no reference to cases in which the whole contract may be performed within a year." Chitty on Contracts, 68. The Circuit Court erred in sustaining the demurrer to the *third* paragraph of answer. The new agreement, made matter of record, to confess a judgment waiving valuation and appraisement laws, and for a stay of execution *for eighteen months*, covered the entire ground of the previous agreement of forbearance, and merged it. It is urged that this was for a less time, and therefore could not be a valid consideration for the release of the former agreement. We have just seen, in considering the question of the statute of frauds, that the road might have been completed within a year. Here too was the substitution of a *definite* for an *indefinite* time. The new agreement was binding between the parties, and there is no complaint that *Scearce* did not get the full benefit of it. He changed the nature of the original undertaking by waiving valuation and appraisement laws; now he complains that his property has been sacrificed. Whose fault is it? He was sued; he might perhaps have plead the old agreement in bar. *Robison* v. *Godfrey*, 2 Mich. Rep. 408. And had he not confessed the judgment under this new arrangement, he could have enjoined the judgment until the completion of the company's road; but he elected to take *eighteen months stay of execution*, and it is too late for him to complain that the *Railway company* violated her agreement.

It is urged that the court erred in sustaining the demur-- rer to the sixth paragraph of the answer. *Scearce* having failed to plead the agreement for forbearance in the original action, could not avail himself of that defense to a suit on the judgment. Had he filed a complaint to enjoin the judgment on the ground of this agreement, the adjudication would have been final; but a fruitless attempt to set up this defense in the action on the judgment amounts to nothing.

The damages are excessive; under no circumstances can the measure of damages in a case like this be more than the amount to be forborne, with interest and costs to the sale. An agreement to forbear for a limited time can not amount to more than a release of the debt. The damages arising from a forced sale are too remote. They are not the natural and proximate result of the alleged breach. "*Causa proxima non remota spectatur.*" *Deyo* v. *Waggoner*, 19 John. R. 242. But, under the facts of this case, the sacrifice by the forced sale was the result of the subsequent agreement waiving valuation and appraisement laws.

Judgment reversed; cause remanded, with directions to the court below to order a new trial, to overrule the demurrer to the third paragraph of the answer, and for further proceedings in accordance with this opinion. Costs here.

*C. C. Nave* and *Byron K. Elliott*, for appellant.
*P. S. Kennedy* and *John T. Dye*, for appellee.