GOODRICH, ADMINISTRATOR, *v.* JOHNSON, BY HER NEXT FRIENDS.

CONTRACT.— *When Presumed to be verbal.*—*Pleading.*—Where the contrary is not alleged in the complaint in an action on a contract, it is conclusively presumed that the contract was merely verbal.

SAME.—*Agreement to Maintain Bastard.*—*Statute of Frauds.*—*Contract for Benefit of Another.*—A bastard child, by her next friend, sued the estate of the deceased putative father, for a breach of an alleged verbal contract by the latter to support the plaintiff until majority, made between the mother and putative father as the basis of an acknowledgment of record, in the circuit court, by the mother, that provision had been made to her satisfaction for the support of the child, and as the sole consideration of the dismissal of a prosecution for bastardy, instituted by the mother against the decedent.

*Held,* on demurrer, that the agreement was one that could not be performed within one year, and, therefore, that it was void under clause 5, section 1, of the statute of frauds, 1 R. S. 1876, p. 503.

From the Madison Circuit Court.

*C. L. Henry* and *H. D. Thompson*, for appellant.
*W. R. Pierse*, for appellee.

HOWK, J.—In this action, the appellee, " a minor, of the tender age of two years," by her next friends, sued the appellant, as the administrator of the estate of Tensley Davis, deceased, in a complaint of a single paragraph, and alleged therein, in substance, that in the year 1872 the said Tensley Davis begot a bastard child by Alice J. Johnson ; that in 1872 the said Alice J. Johnson, the mother of said bastard child, commenced a suit in bastardy against said Tensley Davis, before a justice of the peace of Madison county, Indiana, charging under her oath, under the law in cases of bastardy, that the said Tensley Davis was the father of said bastard child ; that, on the trial of said suit, the said Tensley Davis was adjudged by the justice to be the father of said bastard child ; that, under the law, the justice then and there certified said cause to the Madison Circuit Court, and that the cause was on the docket of said court for trial at its December term, 1873 ; that while

said cause was so pending in said court, at said term, for trial, (the said bastard child having been born on the 6th day of February, 1873, and named by her mother Minnie M. Johnson, she being the plaintiff in this suit,) the said Tensley Davis, then in life but since deceased, (and of whose estate the appellant is now administrator,) and the said Alice J. Johnson, the mother of said bastard child, as they lawfully might, compromised said bastardy suit; that, by said compromise, the said Tensley Davis promised and agreed to take into his care and keeping the said Minnie M. Johnson, the said bastard child, and maintain, support, educate, keep, board and clothe her in a proper, good, prudent and careful manner, as all other children in ordinary and creditable circumstances in life were kept, during and until she was twenty-one years of age, and during all said time to keep, take care of, educate and support her in a prudent and proper manner, and in consideration also that the said Alice J. Johnson would enter of record, in said court, that provision had been made, to her satisfaction, for the maintenance of said child, and have said suit dismissed at the costs of said Tensley Davis; that, in pursuance of said agreement, and in consideration thereof, the said Alice J. Johnson did, at said term of said court, enter of record her agreement, that provision for the maintenance of said bastard child had been made to her satisfaction, and did, at said term, dismiss said suit in bastardy, at the costs of said Tensley Davis; that, shortly after the said agreement was made, the said Tensley Davis died, in the spring of 1873, and the appellant had been appointed, by the proper court, administrator of said decedent's estate; that the said Tensley Davis had failed and refused, and since his death his said administrator had failed and refused, to perform all or any part of the said agreement, either to take in charge, support, care for, keep, maintain or educate, or in any way to provide for the said Minnie

M. Johnson, the said bastard child; and the appellee averred, that to take charge of and properly provide for her, protect, maintain and keep her, under said agreement, until she became twenty-one years of age, would be worth at least one thousand dollars, which sum was due and unpaid, and for which sum the appellant demanded judgment.

This complaint was verified by the oath of Alice J. Johnson, the appellee's mother and next friend. The appellant's demurrer to the complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was overruled by the court, and to this ruling the appellant excepted.

The appellant answered in four paragraphs; of which the first was a general denial, and each of the other three paragraphs stated affirmative matters, by way of defence. The appellee's demurrer to each of the affirmative paragraphs of answer, for the alleged want of sufficient facts therein, were severally sustained by the court, and to these rulings the appellant excepted.

The issues joined were tried by a jury, and a verdict was returned for the appellee, assessing her damages in the sum of nine hundred dollars; and the appellant's motions for a new trial and in arrest of judgment having been overruled, and his exceptions entered to these rulings, judgment was rendered on the verdict.

The first error assigned by the appellant, in this court, is the decision of the circuit court in overruling his demurrer to the appellee's complaint. This alleged error presents, for our consideration and decision, what we regard as the controlling and decisive question in this case, and that is, the validity in law of the agreement counted upon by the appellee, as the foundation of her cause of action. Of course, if this agreement was invalid and void, as between the contracting parties, it can not be enforced by either of

the parties thereto, nor by the person beneficially interested therein. The agreement in suit was an oral or parol agreement. It was not alleged to be in writing, and therefore it is conclusively presumed, for the purposes of this case, to have been a verbal or parol agreement, and not in writing. *Berkshire* v. *Young*, 45 Ind. 461 ; *Krutz* v. *Stewart*, 54 Ind. 178 ; and *Langford* v. *Freeman*, 60 Ind. 46.

In section 1 of " An act for the prevention of frauds and perjuries," etc., approved June 9th, 1852, it is provided, " That no action shall be brought in any of the following cases :   *   *   *   *

"*Fifth.* Upon any agreement that is not to be performed within one year from the making thereof, unless the promise, contract or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized ; excepting, however, leases not exceeding the term of three years." 1 R. S. 1876, p 503.

The agreement or promise of the appellant's decedent, upon which the appellee sued in this action, by its express terms, was not to be, and could not be, performed within one year from the making thereof. It was a continuing promise, extending through the period of twenty-one years from the making thereof, and was not to be fully performed until after the lapse of all those years. However binding in ethics or good conscience, the decedent's agreement or promise, as stated in appellee's complaint, was, or may be supposed to have been, we are clearly of the opinion, that, under the provisions above quoted from the 1st section of the statute of frauds, no action can be brought and maintained upon such an agreement or promise, either by the appellee or by her mother, the said Alice J. Johnson.

This question was fairly presented for decision by the appellant's demurrer to the appellee's complaint, for the want

of sufficient facts therein to constitute a cause of action. *Fall* v. *Hazelrigg*, 45 Ind. 576.

Assuming, as we must assume, under the allegations of the appellee's complaint, that neither the promise or agreement of the appellant's decedent, upon which this action was brought, nor any memorandum or note thereof, was in writing, and signed by the decedent in his lifetime, or by any person thereunto by him lawfully authorized, it seems clear to us, that the complaint did not state facts sufficient to constitute a cause of action, and that the appellant's demurrer thereto for the want of sufficient facts ought to have been sustained.

Where, as in this case, the promise or agreement is such by its terms, as to show that it is not to be performed within a year, or where, as in this case, the promise or agreement is such by its terms, that it can not be performed in a year, in accordance with the expressed intent and understanding of the parties to such promise or agreement, in either case the law is, as we understand it, that the promise or agreement, resting wholly in parol, is within the statute of frauds, and can not be enforced by an action. The law on the subject now under consideration is thus stated in section 273 of Browne's treatise on the Statute of Frauds:

" That the statute does not mean to include an agreement which is simply not likely to be performed, and yet one which is not expected to be performed within the space of a year from the making; but that it' means to include any agreement which, fairly and reasonably interpreted, does not admit of a valid execution within that time."

It is very clear, we think, that the promise or agreement of the appellant's decedent, as stated in the appellee's complaint, and covering, by its express terms, a period of twenty-one years, could not be performed within one year, and was therefore included within the statute. *Wilson* v. *Ray*, 13 Ind. 1 ; *Shipley* v *Patton's Adm'r*, 21 Ind. 169 ; *The Indiana, etc., R. W. Co.* v. *Scearce*, 23 Ind. 223.

The court erred, we think, in overruling the demurrer to the complaint.

Other errors have been assigned by the appellant, upon other rulings of the court ; but, as the conclusion we have reached, in regard to the insufficiency of the appellee's cause of action, will lead to a reversal of the judgment, and perhaps to the formation of new issues, we need not now consider or decide the questions presented by those other errors.

The judgment is reversed, at the costs of the appellee's next friends, and the cause is remanded, with instructions to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.