No. 10,503.

## GROVES v. COOK.

STATUTE OF FRAUDS.—*Contract not to be Performed within One Year.—Part Performance.*—A contract not in writing, whereby the owner of a stallion furnishes the use of the horse to the mare of another and agrees to pay the latter a sum named for the resulting foal when five months old, is, in respect to the sale of the foal, within the statute, and can not be enforced by reason of the part performance of the contract.

From the Rush Circuit Court.

*W. A. Cullen* and *B. L. Smith,* for appellant.
*J. Q. Thomas* and *J. J. Spann,* for appellee.

WOODS, C. J.—The appellant sued the appellee for the price of a colt. The question in the case arises under that clause of the statute of frauds which requires that contracts not to be performed within one year be put in writing. The facts, as specially found by the court, are, in substance, that the appellant, being the owner of a breeding mare, and the appellee of a stallion, it was agreed that the latter should furnish the use of his horse, and pay to the appellant $50 for the colt upon delivery of the same to him when it should be five months old. The agreement was made and the horse let to the mare on the 10th day of August, 1880; the foal was produced on the 10th day of July, 1881, and on the 12th day of December, 1881, the plaintiff offered to deliver the colt to the defendant, who refused to accept it and to pay the stipulated price. The contract was not in writing, and was plainly within the inhibition of the statute, because, according to its terms, and in the course of nature, it could not be performed within one year from the time it was made. Browne Stat. Frauds (4th ed.), chap. 13; *Wilson* v. *Ray,* 13 Ind. 1; *Shipley* v. *Patton's Adm'r,* 21 Ind. 169; *Goodrich* v. *Johnson,* 66 Ind. 258; *Pierce* v. *Paine's Estate,* 28 Vt. 34; *Lockwood* v. *Barnes,* 3 Hill (N. Y.) 128. The case last cited is distinctly in point.

It is claimed that there was such a part performance as to take the case out of the statute; but the authorities cited show that this position is not tenable. In section 285 of Browne, *supra,* it is said : "One thing is well settled and admitted in all cases; that the contract must be capable of entire and complete execution within one year. It is not enough that it may be commenced, or ever so nearly completed in that space of time."

If in this case it may be said that there was a partial performance of the agreement, it was entirely to the advantage of the appellant, in that he had the use of the appellee's horse free of charge, and without liability therefor so long as he him-

self was guilty of no breach of the contract, or was willing to comply with it. It is not found as a fact, and the court can not judicially say, that he suffered any loss or inconvenience, or parted with any advantage or value in the transaction. There is, therefore, no ground for saying that the refusal of the appellee to comply with the agreement operated as a fraud upon the appellant; and without this there is neither reason nor authority for saying that the case does not come within or should be excepted from the operation of the statute.

Judgment affirmed.