JACOB RETZER, Plaintiff in Error, v. JACOB DOLD PACK-ING COMPANY, Defendant in Error.

Kansas City Court of Appeals, May 14, 1894.

1. **Release: BAR.** A release procured without fraud, deception or artifice where the releasor was in the full possession of all his faculties, is valid and binding and an absolute bar to any right of action growing out of the original injury.

2. ———: ———: **RESCISSION: RETURN OF CONSIDERATION.** If a party would repudiate a compromise settlement he must put the other party thereto in the same condition he was before the settlement was made. He can not appropriate its benefits and deny its obligations; and he must return or offer to return the consideration as a condition precedent to his right to sue on the original cause of action.

3. ———: ———: **BREACH: REMEDY.** If a party affirm a voidable contract and the other party fail to perform it, the first party has his remedy on the agreement; but he can not disaffirm and prosecute his original cause of action without restitution.

4. ———: ———: **FRAUDS AND PERJURIES.** Whether the contract of release in this case is within the statute of frauds and nonenforceable *quære;* but if so plaintiff would not thereby be relieved from the requirement of restitution, and this is so, whether plaintiff agreed to accept defendant's promise to pay money and furnish employment or to accept the performance of the promises, since the money was paid upon agreement, which ever way it was.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*Jas. H. Harkless* and *A. S. Marley* for plaintiff.

(1) The court erred in sustaining the objection to the introduction of any evidence under the pleading.

The pretended settlement was made after plaintiff had brought his action and the reply sets up that the claimed compromise was that defendant was to pay $350 cash and give plaintiff a contract to employ him for such time as plaintiff would designate for which he should receive $1.75 per day and in consideration of this plaintiff would sign the release; that relying on defendant's promise to do this, he signed the same. That it did not pay the $350, but paid only $250, and absolutely refused, although requested, to give him the employment contract or pay balance. Under this state of facts the release was no release or settlement of the claim and the amount paid being less than the whole consideration, he could retain and apply as a credit on the sum found by the jury. *Girard v. St. Louis Car Co.*, 46 Mo. App. 79; *Mateer v. Railroad*, 105 Mo. 320; *Mateer v. Railroad*, 15 S. W. Rep. 970; *Vautrain v. Railroad*, 78 Mo. 44; *Webb v. Steele*, 13 N. H. 230; *Railroad v. Lewis*, 109 Ill. 120; *Bussian v. Railroad*, 56 Wis. 325; *Dixon v. Railroad*, 100 N. Y. 170; *O'Donnell v. Clinton*, 145 Mass. 461; *Vautrain v. Railroad*, 8 Mo. App. 538; *Russ v. Railroad*, 112 Mo. 45; *Railroad v. Doyle*, 18 Kan. 58; *Mullen v. Railroad*, 127 Mass. 86. (2) In this case the amount received by plaintiff was a less amount than the defendant had agreed to pay and perform for the compromise; and in such cases the law is well established to the effect that the return of the money is not a condition precedent. *Jones v. Jones*, 53 Mo. App. 207; *Girard v. Railroad*, 46 Mo. App. 79; *Railroad v. Lewis*, 109 Ill. 120; *Bliss v. Railroad*, 36, N. E. Rep. 65; *Smith v. Holyoke*, 112 Mass. 517. It does not lie in defendant's mouth to say that the plaintiff can not recover because the defendant made a contract with plaintiff, with which, it admits

(so far as the pleading is concerned), it did not comply. *Felix v. Bevington,* 52 Mo. App. 403. (3) And defendant can not insist that the original cause has been settled by a new contract with which they have not complied. Their defense is accord and satisfaction and to constitute a defense they must comply with the new agreement in order to defend against the original claim. *Felix v. Bevington,* 52 Mo. App. 403; *Bragg v. Pierce,* 53 Me. 65; *Kramer v. Heim,* 75 N. Y. 574; *Rising v. Cummings,* 47 Vt. 345; *Hearn v. Kiehl,* 38 Pa. St. 147; *Clark v. Bowen,* 22 How. (N. S.) 270. If the performance of a contract is necessary to discharge the original demand, then it must be performed as agreed to avail as a defense. *Whitney v. Cook,* 53 Miss. 551; *Malyneaux v. Collier,* 13 Ga. 406; *Ogilvie v. Hallen,* 58 Iowa, 714.

*Lathrop, Morrow, Fox & Moore* for defendant.

(1) The execution of the release is admitted. The fact that it was fairly and honestly made is also admitted. Plaintiff likewise admits the receipt of $250, and that this money has not been returned or tendered to the defendant. There is no question of fraud, and no claim is made that the release was procured by deception or artifice, nor that it was obtained when the plaintiff was not in the full possession of his faculties. There is in this case, then, a valid legal contract, made upon a sufficient and valuable consideration. This is an absolute bar to any right of action growing out of the injury complained of in the petition. 20 Am. and Eng. Encyclopedia of Law, p. 762; Railway Accident Law, p. 508; *Mateer v. Railroad,* 105 Mo. 320; *Alexander v. Grand Ave. R'y Co.,* 54 Mo. App. 66; *Railroad v. Harriett,* 15 S. W. Rep. 556; *Johnson v. Granite Co.,* 53 Fed. Rep. 570; *Railroad v. Dolan,* 32 N. E. Rep.

802; *Grandin v. Grandin*, 60 Am. Rep. 642; *White v. Railroad*, 15 S. E. Rep. 197; *Creuzen v. Railroad*, 13 N. Y. Sup. 588; *Jessup v. Railroad*, 48 N. W. Rep. 77. (2) No fraud being charged, the court, upon this ground alone, ruled properly in excluding testimony as to any contemporaneous or prior conversations relative to the alleged agreement on the part of the defendant to give employment to the plaintiff. *Burton v. Plattner*, — Mo. ——; *Thompson v. Libby*, 34 Minn. 374; *Morrison v. Lovejoy*, 6 Minn. 319; *Harrison v. Morrison*, 39 Minn. 319; *Underwood v. Simonds*, 12 Metc. (Mass.) 275; *Allen v. Furbish*, 4 Gray, 504; *Eighmie v. Taylor*, 98 N. Y. 288. (3) If the plaintiff had been induced to sign the release in this case solely by an oral promise to give him employment, this would be a sufficient release and would discharge the right of action set up in the petition. Plaintiff's remedy, if any, would then be upon the contract for employment. 20 Am. and Eng. Encyclopedia of Law, 762, note 1; *Rose v. Railroad*, 12 Atl. Rep. 78; *Railroad v. Harriett*, 15 S. W. Rep. 556; *Railroad v. Taylor*, 32 N. E. Rep. 802; *White v. Railroad*, 15 S. E. Rep. 198; *Jessup v. Railroad*, 48 N. W. Rep. 77. (4) Again, it is unquestionably true that plaintiff's position must either be to stand upon the contract or to rescind. If he stands upon the contract the release is an effectual bar to this action; if he undertakes to repudiate and rescind the contract, the return of the money received by him is a condition precedent to the maintenance of such a position. He can not at the same time repudiate the contract and retain the fruits of it. *Alexander v. Grand Ave. R'y Co.*, 54 Mo. App. 66, and cases cited. (5) But laying aside all questions above discussed, there is this further point; the reply sets up that they agreed to enter into a contract to employ plaintiff at $1.75 per day for such time as plaintiff might designate and wish;

the reply further states that they never entered into this contract and refused to do so. Under these facts there was absolutely no completed contract, but simply a part of the contract entered into; that is, the part of it relating to the $300, and, hence, if the plaintiff had a remedy otherwise, the defendant did not complete any contract as to the employment upon which plaintiff could found a remedy, and, hence, there was no contract. *Wiley v. Roberts*, 31 Mo. 212. (6) Besides, the agreement not in writing was void under the statute of frauds for the reason that it was not the intention of the parties that it would be performed within a year, and, hence, they gave him no contract. *Wiley v. Roberts*, 11 East, 142; *Ely v. Positive Assurance Co.*, L. R. 1 Ex. 20; *Day v. Railroad*, 22 Hun (N. Y.), 412; *Goodrich v. Johnson*, 66 Ind. 258; Reed on Statute of Frauds, secs. 188–194, inclusive.

SMITH, P. J.—This is an action which was brought to recover damages for personal injuries received by the plaintiff while in the employ of the defendant in consequence of the negligence of the latter.

The answer, amongst other things, pleaded in bar of plaintiff's action, a written release executed by him to defendant which recited that plaintiff had received the sum of $350 in full satisfaction and discharge of all claims accrued or to accrue in respect of all injuries, results, direct or indirect, arising, or to arise, from the accident sustained by plaintiff while in the employment of defendant.

The plaintiff, by his replication, sought to avoid the effect of the bar of the defendant's answer by pleading that though he had executed the release it had been obtained from him by defendant by fraud, deception and misrepresentation, in that the terms of the compromise between plaintiff and defendant were that the

defendant was to pay the plaintiff $350 in money and give him a contract by which it would bind itself to employ him in defendant's business for such length of time as plaintiff should wish, at $1.75 per day, and that defendant had only paid plaintiff $250 instead of the sum agreed upon, and had, in addition to that, neglected to enter into the stipulated contract for plaintiff's employment and thus had refused to carry out the compromise agreement.

On this state of the pleadings there was a trial before a jury where the defendant objected to the introduction of any evidence by the plaintiff under the pleadings on the ground that the petition and reply did not show a cause of action.

It may be inferred from the admissions of plaintiff's counsel before the court, that defendant had paid in addition to the $250, the sum of $100 for plaintiff on account of the latter's doctor's bills, and so had paid the $350 required by the terms of the compromise agreement, but whether this is so or not is immaterial since it was expressly admitted by the plaintiff's counsel that plaintiff had not returned or offered to return the amount of money he had received of defendant under the terms of that agreement.

The court sustained defendant's objections to the introduction of any evidence by the plaintiff and thereupon plaintiff took a nonsuit with the usual leave to file a motion to set the same aside. The motion to set aside the nonsuit being overruled, judgment was given accordingly to reverse which plaintiff brings the case here by writ of error.

It appears from the concessions of counsel that it is not claimed for plaintiff that the release was procured by fraud, deception or artifice, nor that plaintiff was not in the full possession of all his faculties when it was executed, but it is claimed by plaintiff that the

release was given on condition that defendant pay plaintiff $350 and give him the stipulated contract of employment, and that until the performance of these conditions precedent the release was not operative. It is admitted by the plaintiff's counsel that the contract in pursuance of the provisions of which the release was executed was fairly and honestly entered into.

It seems to us that there is logically involved in these contentions and admissions of the plaintiff the concession that the release pleaded is valid and binding on the plaintiff. It is certainly not without ample consideration for its support. It must inevitably follow that the release is an absolute bar to any right of action growing out of the injury complained of unless avoided for fraud or other cause. *White v. Railroad*, 110 N. C. 456; *Pennsylvania Co. v. Dolan*, 32 N. E. Rep. (Ind.) 802; 20 Am. and Eng. Encyclopedia of Law, 762, note 1.

If the plaintiff would repudiate the compromise settlement he must put the defendant in the same condition he was before it was made. He can not appropriate its benefits and deny its obligation. It is well settled that if a party would rescind a contract for fraud or other cause he must as far as is in his power put the other party in the condition he would have been had the contract not been made. The return or offer to return the money or thing received as the consideration of the compromise settlement is an indispensable condition precedent—a *sine qua non* to the right to repudiate such settlement and sue on the original cause of action. *Alexander v. Railroad*, 54 Mo. App. 66; *Cahn v. Reid*, 18 Mo. App. 115; *Jarrett v. Morton*, 44 Mo. 245; *Estes v. Reynolds*, 75 Mo. 563; *McClean v. Clapp*, 141 U. S. 429; *Johnson v. Granite Co.*, 53 Fed. Rep. 569; *Mullin v. Railroad*, 117 Mass. 86; *Brown v. Railroad*, 117 Mass. 479.

If the contract was voidable for any cause the plaintiff had the right to elect, to affirm or disaffirm it. If he affirmed and the defendant failed to perform it in any particular his remedy would be on the agreement, but if he chose to disaffirm it and prosecute his original cause of action he must first make restitution of the consideration received under the repudiated contract.

If it be true, which we are not to be understood as deciding the one way or the other (*Pennsylvania Co. v. Dolan, supra; Hill v. Jameson,* 16 Ind. 125; *Railroad v. Scearce,* 23 Ind. 223; *Day v. Railroad,* 23 Hun, 412; *Baydell v. Drummond,* 11 East. 142) as contended by plaintiff that the compromise contract was within the statute of frauds and therefore nonenforceable, still we can not see that, even if it were assailed on this ground, the plaintiff would be relieved from compliance with the requirement of the just rule of restitution which has just been stated, for this statute is designed to be a shield rather than a sword. And we think the rule is alike applicable whether the plaintiff agreed to accept the defendant's promise to pay the money and furnish employment or to accept the performance of such promises, in satisfaction, since the money was paid under such agreement, which ever way it was.

The replication in this case does not, as in *Vautrain v. Railroad,* 78 Mo. 44, deny the execution of the release and allege that the payments made to plaintiff were on account. No reason was alleged, or offered to be shown by evidence, why the plaintiff should be permitted to overthrow the release executed under a contract which he admits was fairly and honestly entered into without making restitution of the consideration received under it.

Evidence was admissible under the pleadings to show the release pleaded was procured by fraud, deceit and misrepresentation, but since the plaintiff abandoned

his plea in avoidance based on these grounds, the evidence offered to sustain his cause of action was inadmissible, and the ruling of the court to that effect was not error.

Judgment affirmed.   All concur.