## Thomas Butler v. Thomas Shehan.

1. STATUTE OF FRAUDS—*Contracts Not to be Performed Within a Year.*—An oral contract which can not be performed within a year is within the statute of frauds and void.

2. PART PERFORMANCE—*Statute of Frauds.*—Part performance of a contract is not sufficient to take it out of the operation of the statute of frauds in an action at law.

3. QUANTUM MERUIT—*Where the Defendant Has Received Nothing.*— The doctrine of a recovery *quantum meruit* does not apply in cases where the defendant has received nothing.

**Assumpsit**, on an oral contract. Appeal from the Circuit Court of Knox County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

A. M. BROWN and J. E. MALEY, attorneys for appellant, contended that if the contract is void under the statute of frauds, plaintiff should recover on *quantum meruit* for such damages as he sustained for breeding his mare under defendant's direction. Butcher Works v. Anderson, 68 Ill. 421.

The performance of the contract was upon a contingency which was to happen, and did happen, within a year, and such is not within statute of frauds. Browne on Statute of Frauds, Chap. 13, Pars. 274 and 275, p. 276; Peter v. Compton, Skin. 353; 8 Am. and Eng. Enc., 690; Fenton v. Emblers, 3 Burrows 1278; Peters v. Inhabitants Westborough, 19 Pick. 364; Riddle v. Backus, 38 Iowa 81; Archer v. Zeb, 5 Hill (N. Y.) 200; Birks v. Gillett, 13 Ill. App. 370; Bell v. Hewitt Ex., 24 Ind. 280; White v. Mertland, 71 Ill. 250; Clark v. Pendleton, 20 Conn. 495.

This contract is taken out of the statute of frauds because it is a contract where it is fully executed upon plaintiff's side, and nothing remains upon defendant's side but the payment of the money. Frazer v. Gates, 118 Ill. 99; Curtis v. Sage, 35 Ill. 22; Butcher Works v. Atkinson, 68 Ill. 421.

If upon the happening of any contingency, the agreement, indefinite as to time, is to be regarded substantially and reasonably performed, then the possibility of that contingency happening within the year will suffice to withdraw the agreement from the operation of the statute. Browne on Statute of Frauds, Sec. 278, p. 278; Talmadge v. Rensselaer & Saratoga R. R. Co., 13 Barber 493; Suggett v. Cason, 26 Mo. 224; Adams v. Adams, 26 Ala. 272; Russell v. Slade, 12 Conn. 455.

Where there are questions of fact the court can not take their consideration from the jury by an instruction. Con. 1870, Art. II, Sec. 5; Ware v. Nottinger, 35 Ill. 375; Bullock v. Geomble, 45 Ill. 222; Gage v. Enbey, 107 Ill. 11.

The statute of frauds applies only to contracts which can not be fully performed in accordance with the intent of the parties within a year from the time of making. Knowlman v. Bluett, L. R.,9 Exch. 1; Moore v. Fox, 10 Johns. 244.

THOMPSON & SHUMWAY and L. K. BYERS, attorneys for appellee, contended that no action can be brought to charge the defendant upon any agreement that is not to be performed within the space of one year from the making thereof unless the promise or agreement is in writing, signed by the party to be charged. Sec. 1, Statute of Frauds of Illinois; Tiernan v. Granger, 65 Ill. 351; Lockwood v. Barnes, 3 Hill (N. Y.) 128; Groves v. Cook, 88 Ind. 169; Same case, 45 Am. Rep. 462; Sutcliff v. Atlantic Mills, 43 Am. Rep. 39.

Part performance will not take a case out of the statute of frauds at law. Wheeler v. Frankenthal, 78 Ill. 124; Warner v. Hale, 65 Ill. 395; Browne on Frauds, Sec. 451.

The court should instruct the jury to find for the defendant, where the evidence of plaintiff is not sufficient to support a verdict. Breitenberger v. Schmidt, 38 Ill. App. 168; Teft v. Ashbaugh, 13 Ill. 602; Simmons v. Chicago & Iowa R. R., 110 Ill. 340; Lake Shore & M. S. R. R. v. O'Connor, 115 Ill. 254; Doane v. Lockwood, 115 Ill. 490; Phillips v. Dickerson, 85 Ill. 12; People ex rel. v. Madison County, 125 Ill. 340.

Mr. Presiding Justice Cartwright delivered the opinion of the Court.

Appellant brought this suit before a justice of the peace against appellee and recovered a judgment there, but an appeal having been taken to the Circuit Court, the jury were instructed that the contract sued on was void under the statute of frauds, and they were directed to return a verdict for appellee. This was done and judgment entered on the verdict.

The facts before the jury upon which the court gave the instruction were as follows: In 1893, plaintiff had a mare which he thought of breeding to a stallion called Prince Edward. He met defendant in a saloon at Galesburg, and defendant told him that if he would breed the mare to a stallion called Roscoe Conkling, and the issue should be a filly, or as they termed it "a mare colt," he would pay $150 for such filly, but would want plaintiff to keep her four months. A week or ten days afterward the parties met in a saloon in Altona, and the contract was there referred to, when defendant said to plaintiff: "Now this is no monkey business," and plaintiff replied, "No, it is not," and defendant said "All right." Plaintiff bred the mare to Roscoe Conkling, and the issue was a filly which plaintiff kept four months and then tendered to defendant, who refused to accept the filly or pay the money. The contract was made between June 12 and July 25, 1893, and the offer to deliver the filly was on October 12, 1894. The period of gestation in mares is about eleven months. The only evidence offered was on the part of plaintiff, and there was no contradiction of his testimony as to the contract.

In making this contract the parties contemplated its fulfillment in about fifteen months from the date on which the mare should be successfully bred. In the course of nature the contract could not be performed within a year from the time when it was entered into. It was verbal, and therefore within the statute of frauds, so that no action could be maintained upon it. Like contracts were held within the statute in the following cases: Lockwood v. Barnes, 3 Hill 128; Graves v. Cook, 88 Ind. 169.

It is insisted that the contract was not within the statute because plaintiff in his testimony said that the money was due him when the mare had a foal. He did attempt to put a construction of that kind on the agreement in testifying but that was plainly not the contract, and he did not so construe it before that time. He was to perform on his part an agreement to be completed in about fifteen months before he would be entitled to payment.

It is also argued that if the contract was within the statute plaintiff should have been allowed to recover on a *quantum meruit* for such damages as he sustained by breeding his mare under defendant's procurement to a stallion not of his choice, and Butcher Steel Works v. Atkinson, 68 Ill. 421, is relied on in support of the argument. The doctrine of that case does not apply here since defendant received nothing and there could be no *quantum meruit*. So far as damages resulting to plaintiff from his compliance with the contract are concerned, to allow a recovery of damages for the breach of a contract is to enforce the contract, and this was one that could not be enforced by action at law.

But it is further insisted that the contract was taken out of the statute by the fact that plaintiff had performed his part of it, and nothing remained to be done except for defendant to perform on his side. Part performance, however, does not take a contract out of the operation of the statute of frauds in a court of law, but that rule is confined to equity. Warner v. Hale, 65 Ill. 395; Wheeler v. Frankenthal, 78 Ill. 124; Creighton v. Sanders, 89 Ill. 543.

It is assigned as error that the court refused plaintiff's counsel the right to argue the case to the jury. That was one of the grounds stated in the motion for a new trial, but the record does not show that anything of that kind occurred, and the question does not arise. The judgment will be affirmed.