WAITMAN M. MORGAN, Respondent, v. NATIONAL PUMP
COMPANY, Appellant.

Kansas City Court of Appeals, March 7, 1898.

1. Equity: PLEADING: PETITION: RESCISSION OF CONTRACT: FRAUD.
Mere allegations of insolvency, failure to pay royalty on a patent
right and a failure to perform conditions without allegation of fraud
or offer to return consideration, are sufficient to justify equitable
interposition in rescinding an assignment of a patent.

2. Parties: EQUITY PLEADING: ASSIGNEE OF GRANTEE OF PATENTEE.
Where a petition against the assignee of a grantee of a patent right
seeks a rescission of the assignment and alleges that the grantee, who
is not a party, retains some interest in said patent, it shows a non-
joinder of necessary parties.

*Appeal from the Jackson Circuit Court.*—HON. E. L.
SCARRITT, Judge.

REVERSED.

D. B. VAN SYCKEL and JAMES S. GIBSON for appel-
lant.

The first error is that plaintiff's petition filed in
the court below does not state facts sufficient to consti-
tute a cause of action in favor of the plaintiff and
against the defendant, National Pump Company.
1 Wait's Act. and Def., p. 155; Warner v. Bennett, 31
Conn. 468; Smith v. Jewett, 40 N. H. 530; Adams'
Eq., 350 note; Carlson v. Segog, 62 N. W. Rep. 1132;
Adams' Eq. [5 Am. Ed.] 349 and notes; 5 Wait's
Act. and Def., pp. 510, 511, and cases cited; Parmlee
v. Adolph, 28 Ohio St. 10; R. R. v. Neighbors, 51
Miss. 412; Houghton v. Nash, 64 Me. 477; Retzer v.
Dold P. Co., 58 Mo. App. 264.

THOS. F. GATTS for respondent.

Filed brief on the question of the trial court's refusal to set aside default.

SMITH, P. J.—This is a suit in equity the object of which was to obtain a decree cancelling a certain written contract hereinafter referred to. There was a decree for the plaintiff in conformity to the prayer of the petition and defendant appealed.

The defendant assails the decree on the ground that it is not warranted by the facts alleged in the petition. The petition alleges that being the patentee of PETITION. certain valuable patents issued to him under the laws of the United States for a "power conveyor," apparatus for elevating and equalizing the supply of liquids, and for suction and full apparatus for pumping fluids, and the owner of certain valuable improvements connected with said patents and to be thereafter secured by letters patent or otherwise, he entered into a written contract with William A. Shuman and seven others associated with him, whereby for the consideration of money paid and labor performed by said Shuman and associates and the royalty reserved under said contract, he assigned to said Shuman and associates eight tenths interest in the exclusive right to make, use and sell the said pumping apparatus covered by said letters patent within certain designated territory upon certain conditions in said contract particularly specified, and amongst others was that which provided "That the grantees herein proceed immediately, considering the nature of the grant, to put the patented inventions into practical operation, and use every reasonable effort to make the same successful and profitable." There was also among these conditions, one providing for the payment to plaintiff of "a fifth

of the proceeds of all pumps manufactured and sold,"
and for the payment of a certain amount royalty on all
pumps sold using "spirals" The petition further
alleged that the said Shuman and associates had
assigned their interest in said patented inventions to
the defendant.

It is further alleged that the plaintiff, at the same
time and on the same terms and conditions as those
provided in the said assignment made by him to said
Shuman and associates, likewise assigned to said de-
fendant the two tenths interest in said patent rights not
theretofore assigned to said Shuman and associates. It
was further alleged therein that the said assignment of
Shuman and associates was made to defendant with a
full knowledge by the latter of all the provisions of the
assignment from plaintiff to Shuman and associates.
There was also these further allegations therein con-
tained, viz.: That plaintiff performed all the conditions
and requirements required of him under the contract
as set out in this petition, but the defendants jointly
and severally have failed and neglected to perform the
conditions on their part set out in said contract, to wit:
That as stated in said contract, owing to the nature of
the grant and license transferred in said contract, the
said patent inventions that the defendants were to imme-
diately put into practical operation, and use every rea-
sonable effort to make the inventions transferred to
the defendants successful and profitable, as well to the
plaintiff as to the defendants; that the defendants
since the date of said contract have wholly failed, neg-
lected and refused to account for and pay over to the
plaintiff one fifth of the net proceeds of all pumps
manufactured by them or sold by them under such
patent inventions; that they failed and neglected
to render to plaintiff statements or exhibits showing
the amount or number of pumps manufactured or

sold or the state of accounts as plaintiff was entitled to know under the provisions of said contract, up to the date of filing of this petition; that the defendants after the making of said contract, failed, neglected and refused to pay to the plaintiff the royalties provided for in said contract and described therein, from the date of the contract up to the time of filing of this petition. But on the other hand, the said defendants contrary to the provisions of said contract have by different chattel mortgages upon the property of the defendants, the National Pump Company, conveyed the same and did convey the same to other parties not parties to this suit. And under the provisions of such conveyances the mortgagees of said mortgage have closed and taken possession of all the property of the National Pump Company, and the said pump company has long ceased to do business and is totally insolvent, and has so crippled itself in the management of its business and the execution of said mortgage, and by allowing judgment to be obtained against it and failing to pay the same, and allowing its general indebtedness to go unpaid and unprovided for, making itself unable to meet any of its liabilities or the payment of said mortgage, that it has been unable and is now unable to manufacture the pumps called for and provided for by the provisions of said patents described in said contract to the profit and benefit of the plaintiff.

That the rights of the plaintiff transferred by said contract are represented by patents from the United States government, which of themselves bore certain dates and by their provisions and under the law only secured to the plaintiff the profits and use of his certain inventions for a definite and fixed time. And that the defendants by failing to comply with the terms of the contract herein set out are daily and constantly lessen-

ing the value and property of the plaintiff, secured to him by the provisions of said patents.

Plaintiff alleges that he is now and always has been unable by law to collect the royalties and profits secured to him by said contract, from the defendants or any of them, for the reason that they have been since or about the time of said contract and up to this time, insolvent and irresponsible. Wherefore plaintiff says that by reason of the facts stated he has no remedy at law, and from the nature of the grant, the remedy at law would not be sufficient to compensate him in his right or to restore to him his rights under such contract; that he has suffered and is now suffering an irreparable damage from the defendants on account of the breaches of said contract set out in the petition. Wherefore he prays that the contract entered into between himself and the defendants and the National Pump Company, assignee or transferee, be by the court canceled and held for naught, and for such other general and special relief as the court may see meet and proper.

The cases in which a court of equity exercises its jurisdiction to decree cancellation of written instruments are, in general, those where they have been obtained by fraud, or where a defense exists which would be cognizable only in a court of equity, or where the instrument is negotiable and by transfer the transferee may acquire rights which the present holder does not possess and where the instrument is a cloud upon the title of plaintiff's real estate. Beach on Equity, sec. 551; Smith's Prin. of Eq. 139, 186, 676, or as stated in Adams' Equity [8 Ed.] 173: "Jurisdiction for rescission and cancellation arises where a transaction is vitiated by illegality or fraud, or by reason of its having been carried on in ignorance, or mistake of

EQUITY: pleading: petition: rescission of contract: fraud.

facts material in its operation.    And it is exercised for a double purpose, *first,* for cancelling executory contracts where such contracts are invalid, but their invalidity is not apparent on the instrument itself so that the defense may be nullified by delaying to sue until the evidence is lost, and, *secondly*, for setting aside executed conveyances, or those impeachable transactions where it is necessary to replace the parties *in statu quo.* And in such cases though pecuniary damages might be in some sense a remedy, yet if fraud be complained of there is jurisdiction in the court of chancery. The work of relief under this equity may be by cancellation of the instrument or reconveyance of the property which has been unduly obtained or by an injunction against suing at law on a vitiated contract or against taking other steps to complete an incipient wrong.'' And a party may have relief against a written contract by having the same set aside and canceled or modified whenever it is founded on a mistake of material facts and it would be unconscientious and unjust for the other party to enforce it in law or equity.    Story on Eq., sec. 161.

The whole doctrine of courts of equity on this subject is referable to the general jurisdiction which it exercises in favor of a party *quia timet.*    This jurisdiction is founded on the administration of a protective or preventive justice.    Story on Eq., sec. 694.    It has been declared by the St. Louis court of appeals that rescission is a matter of right where a contract is voidable for fraud or is the result of mutual mistake.    Mfg. Co. v. McCord, 65 Mo. App. 507.    And by this court that if a party would rescind a contract for fraud or other cause he must, as far as in his power, put the other party in the condition he would have been had the contract not been made.    Roetzer v. Packing Co., 58 Mo. App. 264.    And this is but an application of the rule that he who seeks equity must do equity.

Beach on Eq., sec. 552.    And to afford a ground for
the exercise of this jurisdiction there must exist some
circumstance establishing the necessity of a resort to
equity to prevent an injury which might be irreparable
and which equity alone is competent to avert.    Beach
on Eq., sec. 552, and cases cited in note 4.

It is quite manifest that the petition, when tested
by the principles to which we have just adverted, must
be condemned as insufficient.    Neither the allegation
of the insolvency of the defendant, nor that of its fail-
ure to pay the royalty, nor that of its failure to pay the
proceeds of the sale of pumps, nor the allegation of the
nonperformance of other conditions of the contract
suggest any ground authorizing the rescission of the
contract.    It is too plain for argument that neither
fraud nor any other ground justifying equitable inter-
position is alleged.    The consideration passing from
defendant to plaintiff for the interest acquired in the
patent rights consisted of money and labor and the
amount of the one and value of the other the plaintiff
has not offered to return to defendant.    This was a
condition precedent to his right to relief, even had he,
as he has not, by the allegations of his petition shown
himself otherwise entitled to the relief demanded.
Beach on Eq., sec. 552; Roetzer v. Packing Co., *supra*.

There is an allegation in the petition to the effect
that the said Shuman and his associates retained some
interest in said patents, but the extent thereof was un-
known to the plaintiff.    It is inconceiva-
PARTIES: equity ble upon what principle the plaintiff can
pleading: as-
signee of grantee have a rescission of his contract of assign-
of patentee.
ment to said Shuman and associates when
the latter still have some interest in the patent rights
therein conveyed.    How could the court, as to them,
decree a cancellation of said contract which vested in

State ex rel. v. Goodhue.

them certain patent rights which plaintiff, in his peti-
tion, alleges to be of great value, when they were not
before the court or parties to the decree? The plaintiff
did not offer to restore to Shuman and associates, or
to their assignee, the defendant, the consideration
which he had received for the assignment. If the as-
signment of the contract by Shuman and associates to
the defendant was made under such conditions as con-
ferred upon the latter all the rights and imposed all
the obligations of the former under the contract then
the petition should show, in order to entitle plaintiff to
relief if otherwise shown to be so entitled, that the
plaintiff had made restitution to defendant of the con-
sideration by him received for the assignment.

But however this may be we think, for other
reasons previously mentioned, the petition fails to state
facts sufficient to warrant the action of a court of equity
in decreeing the cancellation of the said contract under
which the defendant acquired its interest in said patent
rights.

It results that the decree of the circuit court will
be reversed. All concur.